NUMBER 13-03-238-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
BYRON DEWAYNE CLARK,                                                        Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 338th District Court
of Harris County, Texas.




M E M O R A N D U M O P I N I O N
     Before Chief Justice Valdez and Justices Hinojosa and Castillo
 
                Memorandum Opinion by Chief Justice ValdezAfter a jury trial, appellant, Byron DeWayne Clark, was convicted of possession
of a firearm by a felon. The jury assessed punishment at ten years imprisonment in
the Texas Department of Criminal Justice, Institutional Division. We conclude this
appeal is frivolous and without merit. We affirm. 
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. ANDERS BRIEF
         On October 27, 2003, appellant’s counsel filed a brief with this Court in which
he concluded the appeal is frivolous and without merit. See Anders v. California, 386
U.S. 738, 744 (1967). In his brief, counsel states: (1) he diligently reviewed the
appellate record and the applicable law; (2) he found no grounds of error on which an
appeal could be based; (3) in his opinion, the appeal is without merit and is frivolous;
and (4) he served a copy of this brief on appellant with a letter informing appellant of
his right to examine the entire appellate record and to file a pro se brief on his own
behalf. In counsel’s brief, counsel reviews the indictment, the evidence introduced at
trial, and objections made by trial counsel during the underlying proceedings. With
citations to the record and legal precedent, counsel explains why he concludes the
appeal is without merit. The brief meets the requirements of Anders as it presents a
professional evaluation showing why there is no basis to advance an appeal. Anders,
386 U.S. at 744-45; Stafford v. State, 813 S.W.2d 503, 509-10, 510 n.3 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807, 812-13 (Tex. Crim. App. [Panel Op.]
1978). 
III. PRO SE BRIEFS
         Appellant filed two pro se briefs, in which he raises the following issues: (1)
appellant was improperly indicted under a statute that did not exist at the time he was
convicted of the predicate felony; (2) appellant was not provided with notice of the
prior convictions the State intended to use at trial; (3) the evidence was insufficient
to sustain the conviction; (4-5) appellate counsel’s Anders brief does not comply with
the requirements of the law; (6) the trial court erred in not considering a psychologist’s
evaluation in assessing appellant’s punishment; and (7) appellant did not waive error
when his trial counsel stated he had no further objections to the charge. 
A. Indictment
         In his first issue, appellant contends he was improperly indicted under section
46.04 of the penal code, resulting in retroactive application of the statute. According
to appellant, because the predicate felony conviction predated section 46.04 as it
currently exists, he should have been indicted under former 46.05 of the penal code. 
 He further alleges that the indictment was defective because it failed to allege that
the prior felony conviction involved violence or the threat of violence as required under
former section 46.05.
         Former section 46.05 of the penal code stated in pertinent part: “A person who
has been convicted of a felony involving an act of violence or threatened violence to
a person or property commits an offense if he possesses a firearm away from the
premises where he lives.” Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, sec.
46.05, 1973 Tex. Gen. Laws 883, 964. In 1993, the legislature moved the
description of this offense to section 46.04 and amended the statute to read:
         A person who has been convicted of a felony commits an offense
if he possesses a firearm:

(1)     after conviction and before the fifth anniversary of the person’s
release from confinement following conviction of the felony or the
person’s release from supervision under community supervision,
parole, or mandatory supervision, whichever date is later; or 

(2)     after the period described in Subdivision (1), at any location other
than the premises at which the person lives.

Id. amended by Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, sec. 46.04, 1993
Tex. Gen. Laws 3586, 3691.
         The court of criminal appeals rejected an argument identical to appellant’s in
Mason v. State, 980 S.W.2d 635 (Tex. Crim. App. 1998). The court held, in
amending former section 46.05, the legislature intended for only a defendant’s status
as a felon to be an element of 46.04, not the date of the felony conviction. Id. at
641. Moreover, in amending the statute, the legislature also intended to encompass
all felons, not simply those convicted of a felony involving an act of violence or
threatened violence to a person or property. Id. at 639. The court concluded the
accused in that case was properly indicted under section 46.04 even though the
predicate felony occurred before the 1993 amendment and the indictment did not
allege a predicate felony involving an act of violence or threatened violence to a person
or property. Id. at 641. 
         The indictment in this case alleged appellant possessed a firearm on March 1,
2002, after having been convicted of delivery of a controlled substance on June 21,
1991. The indictment also alleged appellant’s possession of a firearm occurred before
the fifth anniversary of appellant’s release from supervision under parole. Under
Mason, appellant was properly indicted under section 46.04 of the penal code. 
Accordingly, appellant’s first issue is overruled. 
B. Notice of Prior Convictions
         In his second issue, appellant contends he did not receive notice of the prior
convictions the State intended to use at trial. The record does not substantiate this
argument. 
         On September 24, 2002, the State filed in the trial court a notice of its intent
to use evidence of prior convictions and extraneous conduct during the trial. A copy
of this notice was sent to appellant’s former trial attorney. That same day, appellant
was appointed a new attorney who did not personally receive a copy of the notice. 
At trial, the latter attorney contended he did not receive notice of the prior convictions
and extraneous conduct from the State. The State responded it had previously filed
its notice and the notice was contained in the trial court’s file. Appellant’s counsel
admitted he had access to and reviewed the trial court’s file prior to trial. The trial
court overruled the objection. Under these facts, we agree with the trial court that
appellant was given notice of the State’s intent to use evidence of his prior convictions
and extraneous offenses. Accordingly, we overrule appellant’s second issue. 
C. Sufficiency of the Evidence
         In his third issue, appellant contends the evidence is legally and factually
insufficient to support the conviction. Specifically, appellant contends the State did
not sufficiently prove appellant possessed the firearm because his fingerprints were not
found on the gun.  In considering the legal sufficiency of the evidence, we must
examine the evidence presented in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential elements
of the offense present beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000). Questions
concerning the credibility of witnesses and the weight to be given their testimony are
to be resolved by the trier of fact. Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim.
App. 1998). 
         In reviewing the factual sufficiency of the elements of the offense on which the
State carries the burden of proof, we impartially examine all of the evidence and set
aside the verdict only if "proof of guilt is so obviously weak as to undermine
confidence in the jury's determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by the contrary proof." Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003). We are also required to accord due deference to the
jury's determinations on the weight and credibility of the evidence and may not merely
substitute our own judgment. Id.
         We measure both the legal and factual sufficiency of the evidence by the
elements of the offense as defined by a hypothetically correct jury charge. Wheaton
v. State, 129 S.W.3d 267, 271-72 (Tex. App.–Corpus Christi 2004, no pet.); see
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). This hypothetically
correct jury charge would set out the law, be authorized by the indictment, not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's
theories of liability, and adequately describe the particular offense for which the
defendant was tried. Malik, 953 S.W.2d at 240.
         We review the sufficiency of the evidence in cases involving possession of a
firearm by a felon under the rules adopted for determining the sufficiency of the
evidence in cases of possession of a controlled substance. Corpus v. State, 30
S.W.3d 35, 37 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). Therefore, the
State must prove that the appellant knew of the weapon's existence and that he
exercised actual care, custody, control, or management over it. Id. at 38. When an
appellant is not in exclusive control of the place where the weapon is found, we
cannot conclude the appellant had knowledge of or control over the weapon unless
there are independent facts and circumstances affirmatively linking the appellant to the
weapon. Id.; cf. Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986) (applying
this rule in possession-of-controlled-substance case). Factors that may establish
affirmative links include, but are not limited to, whether the weapon was accessible
to the appellant and whether the conduct of the appellant indicated a consciousness
of guilt. See Gill v. State, 57 S.W.3d 540, 544-45 (Tex. App.-Waco 2001, no pet.).
         Here, the State introduced sufficient evidence affirmatively linking appellant to
the firearm. Police officer Antonio Nichols testified that, as he arrived at the scene of
a shooting, he saw appellant recklessly driving his truck away from the scene. Nichols
pursued appellant by car until appellant pulled over and stepped out of his truck. 
Nichols ordered appellant to the ground, but appellant refused. Appellant said “shoot
me” and took off his jacket. Nichols saw what he believed was the handle of a
weapon sticking out of the left side of appellant’s pants. When Nichols ordered
appellant to drop the weapon, appellant started running, and a chase ensued. Police
officers eventually apprehended appellant and found a firearm ten feet away from him. 
A videotape introduced by the State corroborated much of Nichols’ testimony,
although the tape does not show whether or not appellant was carrying a weapon
tucked into his pants.
         Appellant testified he did not have a gun in his possession on the night in
question. He also stated he fled because he feared for his life.
         The crux of appellant’s argument is that the proof of the crime was deficient
because his fingerprints were not found on the firearm. However, the State introduced
the testimony of Deputy J.C. Dalrymple of the Harris County Sheriff’s Department. 
Dalrymple testified it is not unusual to find no fingerprints on a gun. He also testified
it was possible under certain circumstances to touch an object but leave no
fingerprints. A person could leave no print on an object he touched if his hand was
covered, dry, or very wet. 
         Taking the evidence in the light most favorable to the verdict, we conclude a
rational trier of fact could have found the elements of the offense proven beyond a
reasonable doubt. We also conclude proof of guilt is not so obviously weak as to
undermine confidence in the verdict, nor is proof of guilt greatly outweighed by the
contrary proof. Accordingly, we overrule appellant’s third issue.
D. Adequacy of Anders Brief
         In appellant’s fourth and fifth issues, appellant contends his appellate counsel’s
Anders brief is inadequate under the law. He asks us to quash the brief and abate the
appeal. As explained above, we reviewed counsel’s brief and find it meets the
standards announced in Anders. Appellant’s fourth and fifth issues are overruled, and
we deny appellant’s request to quash the brief and abate the appeal.
E. Punishment
         In appellant’s sixth issue, appellant contends the court refused to consider a
psychiatric evaluation performed by Dr. Edward P. Friedman in sentencing appellant. 
Dr. Friedman performed the evaluation by order of the court to determine whether
appellant was sane and competent to stand trial. In his reports, Dr. Friedman
concluded appellant suffered from psychosis secondary to drug abuse but was sane
and competent to stand trial. Appellant believes, based on Dr. Friedman’s reports, he
should have been sentenced to attend a rehabilitation center instead of prison. 
         Dr. Friedman’s evaluations were not introduced into evidence during either
phase of the trial. Appellant cites to no authority, nor do we find any, requiring an
accused to be sentenced to drug rehabilitation instead of imprisonment based on a
history of drug abuse documented in reports never submitted into evidence. 
Accordingly, we overrule appellant’s sixth issue.
F. Objections to the Charge
         In his final issue, appellant contends he did not waive error when his trial
counsel stated that counsel had no further objections to the charge. However,
appellant identifies no error in the charge, nor do we find any. Accordingly, we
overrule appellant’s seventh issue.IV. INDEPENDENT REVIEW
          Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488
U.S. 75, 80 (1988); Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi
2003, no pet.). We have reviewed the entire record and find that the appeal is wholly
frivolous. See Stafford, 813 S.W.2d at 509. Accordingly, we affirm the judgment of
the trial court. 
V. APPELLATE COUNSEL
         We may grant appellate counsel's motion to withdraw filed in connection with
an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971);
see Stafford, 813 S.W.2d at 511 (noting that Anders brief should be filed with request
for withdrawal from case). Appellate counsel has not filed a motion to withdraw in
this case. If he wishes to file a motion to withdraw, he must file the motion no later
than fifteen days from the date of this opinion.
         We order counsel to advise appellant promptly of the disposition of this case
and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (per curiam).            
    


                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Do not publish.
Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and filed
this 19th day of August, 2004.