The STATE of Texas,

v.

Fredrick Dewayne MASON, Appellee.

No. 1300–97.

Court of Criminal Appeals of Texas, En Banc.

Oct. 28, 1998.

**636**

William K. Goode, Houston, for appellant.

Dan McCrory, Assist. DA, Houston, Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

HOLLAND, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, and MANSFIELD and PRICE, Judges, joined.

The State indicted appellee with unlawful possession of a firearm by a felon, pursuant to § 46.04 of the Penal Code. The trial court granted appellee's motion to quash the indictment, ruling the prosecution was controlled by former § 46.05 of the Penal Code. The State appealed, alleging the trial court abused its discretion because prosecution of this offense is controlled by § 46.04[1] The

---

1. Former § 46.05 of the Penal Code set out:

"A person who had been convicted of *a felony involving an act of violence or threatened violence to a person or property* commits an offense if he possesses a firearm away from the premises where he lives."

In 1993, the Legislature amended this law. Now, § 46.04 sets out:

"A person who has been convicted of *a felony* commits an offense if he possesses a firearm:
(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

Fourteenth Court of Appeals concluded the prosecution is controlled by former § 46.05, not the newly enacted § 46.04. *State v. Mason*, No. 14–97–00189–CR, 1997 WL 528912 (Tex.App.—Houston [14 Dist.] August 28, 1997)(not designated for publication). The State sought discretionary review of this decision. This Court reverses the decision of the Court of Appeals.

The State's indictment alleged that appellee,

"On or about September 6, 1996, did then and there unlawfully, intentionally, and knowingly possess at a location other than the premises where he lived at the time a firearm, and prior to the possession of said firearm the Defendant had been finally convicted of a felony, namely, Burglary of a Motor Vehicle, in the 184th District Court of Harris County, Texas, in Cause Number 592725 on July 10, 1991."

On January 21, 1997, the trial court heard arguments on appellee's motion to quash the above indictment. In his motion to quash appellee stated the indictment was defective because it failed to allege that the prior felony conviction involved violence or the threat of violence as required under § 46.05. Appellee contended that § 46.05 controlled because the State had to prove the date of the prior felony conviction causing that conviction to be an element of the offense essential to the crime charged. Because that date preceded the September 1, 1994 effective date for § 46.04, appellee argued § 46.05 controlled.

At the pre-trial hearing, the State contended the *date* of the prior felony conviction is not the element of the crime. The State argued at the hearing "the unforbidden [*sic*] conduct, which is how the element is defined, is the fact that he is a prior felon." On that basis the State urged the trial court not to grant the motion to quash the indictment. The trial court ruled in favor of appellee and quashed the indictment on the ground that the prior conviction did not involve violence or the threat of violence. The State appeal-ed the trial court's ruling. Tex.Code Crim. Proc. Ann. art. 44.01(a)(1).

The State argued before the Court of Appeals that "appellee's 1991 felony conviction is not an element of the offense; rather appellee's having a prior felony conviction is simply an historical fact which elevates appellee to the necessary 'status' required for the prosecution of an 'unlawful possession of a firearm by felon' offense." The State recognized that the Tenth Court of Appeals in *Burleson v. State*, 935 S.W.2d 526, 528 (Tex. App.—Waco 1996, no pet.) held that the prior felony conviction was an element of the unlawful possession of a firearm by a felon offense, and § 46.05 controlled because the prior felony occurred before the effective date of § 46.04. The State contended, however, that this conclusion was in error.

The State based its argument on the statutory definition of 'element of an offense'. Tex. Pen.Code Ann. § 1.07(a)(22). The State asserted the phrase "who has been convicted of a felony" does not fit within the statutory definition of 'element of an offense'. The State argued appellee's status as a felon was nothing more than a circumstance surrounding the criminal conduct which only defined the class of individuals who are subject to prosecution. The Fourteenth Court of Appeals disagreed.

The Court of Appeals reasoned that "the otherwise innocent behavior of possession of a firearm by a felon becomes criminal because of the circumstances under which the firearm is possessed, namely, by a felon outside the parameters of location and time set by the Legislature. Under this analysis, a felony conviction forms an essential element of the forbidden conduct under either the new or prior penal code." *State v. Mason*, slip op. at 4. The Court of Appeals states "felony status as well as the date of the conviction and the anniversary of the person's release from confinement, community supervision, parole, or mandatory supervision following conviction form part of the conduct element of the offense." *Mason, id.* at 5. We

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 964, *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3688.

disagree with the Court of Appeals' conclusion that appellee's status as a convicted felon and the date upon which he was convicted are both elements of the offense of possession of a firearm by a felon. We conclude the Court of Appeals erroneously interpreted the language of § 46.04.

This Court and the other appellate courts of this state have the duty to interpret the laws enacted by our State Legislature. TEX. CONST. art. II, § 1; and *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). To carry out this duty, this Court must attempt to discern the collective intent or purpose of the legislators who enacted the legislation. "We necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." When reviewing the literal text of the statute, this Court will read the words and phrases of the statute in context and construe them "according to the rules of grammar and common usage." TEX. GOV'T.CODE ANN. § 311.011(a). When the meaning of the text of a statute should have been plain to the legislators who voted on it, "we ordinarily give effect to that meaning." *Boykin v. State*, 818 S.W.2d at 785. "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Coit v. State*, 808 S.W.2d 473, 475 (Tex.Crim.App.1991); and cases cited therein.

This Court recognized one exception to the "plain meaning rule." When the application of a statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, we should not apply the language literally. *Boykin v. State*, 818 S.W.2d at 785; and cases cited therein. "When used in the proper manner, this narrow exception to the plain meaning rule does not intrude on the lawmaking powers of the legislative branch, but rather demonstrates respect for that branch,

which we assume would not act in an absurd way. *Id.*

An inquiry into the intent of the legislators who passed a statute is, at best, a secondary resource for interpreting that statute. "If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then and only then, out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such extra textual factors as executive or administrative interpretations of the statute or legislative history." *Boykin v. State*, 818 S.W.2d at 785–786. We will apply the above principles to the interpretation of § 46.04 of the Penal Code, as well as § 1.18 [2] of Senate Bill 1067. Tex. S.B. 1067, 73rd Leg., R.S. (3589).

We will begin with § 46.04. Former § 46.05 proscribed possession of a firearm by persons who were "away from the premises" where they live and who had been convicted of "a felony involving an act of violence or threatened violence to a person or property." TEX. PEN.CODE ANN. § 46.05 (repealed). The Legislature changed several provisions of the statute when it adopted § 46.04. Instead of felons whose crimes involved an act of violence or threatened violence, the statute now applies to all felons. "A person who has been convicted of *a felony* commits an offense ...". The statute now applies to those felons, regardless of whether they are in or out of their residence, for a period of five years from the date of their release from confinement or supervision. If their felony conviction is over five years old, they are prohibited from having a weapon "at any location other than the premises at which the person lives."

A literal reading of the changes in the text of the statute leads this Court to the following conclusions. First, when the Legislature dropped the requirement that the prior felony conviction must be a felony involving an act of violence, they sought to include all felons within the coverage of the

2. § 1.18 of Senate Bill 1067 is the provision in the legislation which made the application of the

1993 revisions to the Penal Code prospective.

statute, thereby significantly expanding the class of persons covered by the statute. Second, the Legislature changed the residence requirement to prohibit felons from possessing weapons anywhere for five years after their release from confinement or supervision. When five years have passed a felon may possess a weapon only within the confines of his or her residence. With these changes in the residency requirements, the Legislature prohibited all felons from possessing weapons at any time at all places away from their residence, no matter how much time has passed from the date of their release from confinement or supervision.

The State indicted appellee for violating § 46.04 under this theory, that he was a felon in possession of a firearm away from the premises where he lived. This Court concludes the text of § 46.04 proscribes possession of a firearm by all felons away from the residences where they live. The Court of Appeals, however, carved an exception out of this proscription under § 46.04 for felons whose prior convictions occurred before September 1, 1994.

The Court of Appeals viewed this literal interpretation of § 46.04, that all felons are barred from possessing firearms away from the premises where they live, as being controlled by a literal reading of § 1.18 of Senate Bill 1067. § 1.18 states:

"the change in law made by this article applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this article if any element of the offense occurs before the effective date."

Act of May 29, 1993, 73d leg., R.S., ch. 900, § 1.18(a), 1993 Tex.Gen.Laws 3589, 3708. As explained above, the Court of Appeals viewed the date of the conviction of the prior felony as an element of the offense under § 46.04. Since the conviction which conferred felon status upon appellee occurred before September 1, 1994, the Court of Appeals concluded that former § 46.05 controlled appellee's prosecution and he could not be indicted for being a felon in possession of a firearm because his prior felony did not involve violence or threatened violence. *State v. Mason*, slip op. at 2–4.

This interpretation of § 1.18 by the Court of Appeals, that a felon whose prior conviction occurred before September 1, 1994 could not be prosecuted under § 46.04 because the date of conviction of the prior felony is an element of the offense under § 46.04, leads to an absurd consequence that could not have been intended by the Legislature. The legislative history of the changes made to former § 46.05 and new § 46.04 supports this conclusion.

The Legislature chose to subject all felons to the proscriptions of § 46.04. In their preparation of a draft of the new Penal Code, the Texas Punishment Standards Commission recommended that all felons be covered by § 46.04. In their recommendation regarding the revisions to Chapter 46 of the Penal Code, the Commission stated the Legislature should "expand the prohibition against felons carrying firearms to include all persons convicted of a felony. This prohibition lasts for five years from the date of release from supervision." TEXAS PUNISHMENT STANDARDS COMMISSION FINAL REPORT, RECOMMENDATION TO THE 73RD LEGISLATURE (January 8, 1993). The Legislature chose to include all felons under § 46.04, but allowed possession of a firearm by a felon after five years only in the residence where the felon lives. After the adoption of S.B. 1067, the Commission issued its final report. "The [Texas Punishment Standards] commission originally proposed expanding the list of felons to include persons convicted of capital, first, and second degree felonies. The commission eventually decided to subject all felons to this prohibition, and the legislature incorporated this recommendation in all versions of S.B. 1067." TEXAS PUNISHMENT STANDARDS COMMISSION, FINAL BILL ANALYSIS, S.B. 1067, TEXAS PENAL CODE LEGISLATION, 73rd Leg., P. 61. "The 1993 Amendments also deleted the element that the defendant be convicted of a violent felony. After September 1, 1994, all convicted felons are prohibited from possessing" a firearm. 6 MICHAEL B. CHARLTON, TEXAS PRACTICE: TEXAS CRIMINAL LAW § 26.5, at 320 (1994). The legislative history indicates the Legislature meant for all felons to be covered by § 46.04, not only those

felons who were convicted after September 1, 1994.

There is no rational reason to distinguish, for purposes of applicability of § 46.04, between felons whose prior conviction occurred before September 1, 1994 and those whose prior conviction went down after September 1, 1994. Viewing *the date* of the prior conviction as being an element of § 46.04 would result in the absurd consequence of omitting all felons who committed their prior felonies before September 1, 1994 from the coverage of § 46.04. The legislative history of § 1.18 of S.B. 1067 reveals it was written to make application of the revisions of the Penal Code prospective. SENATE RESEARCH CENTER, BILL ANALYSIS OF ENROLLED LEGISLATION, S.B. 1067, 73rd Leg., R.S. (17). This should mean that all felons who are found in possession of a firearm after September 1, 1994 would be subject to prosecution under § 46.04, regardless of when they received their prior conviction. After all, the commission of the offense and the formation of appellee's criminal intent came together on the alleged date upon which appellee, a felon, possessed the firearm, and not upon the date in 1991 when appellee became a felon. We conclude that only appellee's status as a felon is an element of § 46.04, not the date upon which the prior felony conviction occurred. A comparison between § 46.04 and other statutes in the revised Penal Code supports this conclusion.

This Court can read § 46.04 within the context of other provisions of the revised Penal Code. TEX. GOV'T.CODE ANN. § 311.011(a). In the capital murder statute, the Legislature made certain prison inmates subject to prosecution for capital murder if they murdered another person. TEX. PEN. CODE ANN. § 19.03(a)(6). Only those inmates who are incarcerated for an offense under § 19.03 or § 19.02, or are serving a sentence of life imprisonment or a term of 99 years for an offense under § 20.04, § 22.021, or § 29.03 are subject to prosecution under the statute. TEX. PEN.CODE ANN. § 19.03(a)(6)(A) & (B).

If we were to apply the reasoning of the Court of Appeals in this case to prosecutions under § 19.03(a)(6), then the date upon which an inmate was convicted and sentenced to prison would control whether he or she could be prosecuted under the statute. Under the analysis of the Court of Appeals, we would be left with the absurd result that an inmate, who had been imprisoned in 1980 to life imprisonment for committing an aggravated sexual assault, and who then murdered another inmate in 1998 could not be prosecuted for capital murder. This would contravene the Legislature's intention to prosecute any individual who had been incarcerated for aggravated sexual assault, given a maximum sentence and murdered another person while incarcerated in prison. It would be more reasonable and prudent to conclude that only a defendant's status as an inmate convicted of one of the proscribed offenses constituted an element of § 19.03(a)(6), thereby making the defendant eligible for prosecution for capital murder because he murdered the other inmate after September 1, 1994.

In the Abuse of Office offenses set out in Chapter 39 of the Penal Code, the Legislature set out criminal conduct for which public servants and public officials could be prosecuted. § 39.02 sets down the offense of Abuse of Official Capacity under which public servants can be prosecuted for engaging in certain behavior with the intent to obtain a benefit or harm or defraud another person. § 39.03 sets out the offense of Official Oppression for which a public servant who acts under the color of his or her office engages in behavior with the intent to harass, mistreat, or impede another person in certain proscribed ways can be prosecuted. § 39.04 describes the offense of Violations of the Civil Rights of Person in Custody under which an official or employee of a correctional institution can be prosecuted for intentionally denying or impeding a person in custody in exercising or enjoying any right, privilege or immunity. § 39.06 describes the offense of Misuse of Official Information for which a public servant can be prosecuted if he or she misuses information that has not been made public. TEX.PEN.CODE ANN. §§ 39.02(a); 39.03(a); 39.04(a); and 39.06(a). It would be absurd to conclude the Legislature intended for the date upon which a defendant attained his or her status as a public servant or public

official to be an element of the above set out offenses. Yet, just as the State must prove at trial when a defendant became a public servant or public official in order to establish their status as a public servant or public official, the State must also prove when a § 19.03(a)(6) capital murder defendant received his or her conviction giving rise to their confinement.

These hypothetical situations are no different from the State having to prove in this case when appellee was convicted of the offense which made him a felon subject to prosecution under § 46.04. Because the State must prove these facts at trial to establish a defendant's status as eligible for prosecution, this does not convert those facts into elements of the proscribed offenses. The concept of element of an offense "does not include every issue to which the State has the burden of proof; it does not include, for example, venue or jurisdiction." 6 MICHAEL B. CHARLTON, TEXAS PRACTICE: TEXAS CRIMINAL LAW § 1.6, at 10 (1994).

We conclude the Legislature did not intend for the date of the prior conviction to be considered an element of § 46.04. Instead, we conclude the Legislature intended for only a defendant's status as a felon to be an element of § 46.04. Therefore, appellee was subject to prosecution under § 46.04. We conclude the trial court erred in quashing appellee's indictment on this ground.[3] The judgment of the Court of Appeals is re-

versed. This cause is remanded to the trial court.

KELLER, J., joined the opinion of the Court and filed a concurring opinion in which BAIRD and WOMACK, JJ., joined.

MEYERS, J., concurred in the result with a note.

OVERSTREET, J., concurred in the result.

MEYERS, Judge, concurs in the judgment of the Court with the following note: "The plain language of the statutes support the holding of the majority. Agreeing with Judge Keller, however, that "*Boykin* forbids any ... inquiry into extratextual matters," Keller, J., at 3, I concur in the result only."

KELLER, Judge, concurring.

I do not believe the interpretation of the statutes addressed in this case requires a resort to legislative history. As we noted in *Boykin*, an appellate court may not consider extratextual factors in statutory interpretation absent ambiguity or absurd results. *Boykin v. State*, 818 S.W.2d 782, 785–86 (Tex.Crim.App.1991). I think the plain language of these enactments provides ample guidance for the resolution of the case before us.

Section 1.18 of Senate Bill 1067 provided that the sweeping changes to the penal code, effective September 1, 1994, applied only to offenses committed after that date and that

---

3. Appellee also argues in his brief responding to the State's petition for discretionary review that the trial court's decision to quash his indictment was correct for another reason not mentioned by the Court of Appeals or the trial court. Therefore, appellee argues the trial court's decision should be upheld in the event we reject the analysis of the trial court and the court of appeals. Appellee contends that the State's indictment failed to put him on notice of which theory the State was going to proceed upon in this case, § 46.04(a)(1) or (2). This Court disagrees.

First, appellee cites no authority to support his argument, causing his argument to be inadequately briefed. *Robinson v. State*, 851 S.W.2d 216, 222 (Tex.Crim.App.1991). Therefore this argument was not preserved for appellate review. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim.App.1990).

Second, even though appellee's indictment does not track the statute word for word, we

conclude it put him on notice the State was proceeding under § 46.04(a)(2). The indictment alleged that appellee

"did then and there unlawfully, intentionally, and knowingly possess at a location other than the premises where he lived at the time a firearm, and prior to the possession of said firearm the Defendant had been finally convicted of a felony, namely, Burglary of a Motor Vehicle, in the 184th District Court of Harris County, Texas in cause Number 592725 on July 10, 1991."

The fact that the State included in the indictment the explicit allegation that appellee possessed the firearm away from the premises where he lived and the implicit allegation that the prior was over five years old effectively placed appellee on notice that the State was proceeding under § 46.04(a)(2). This Court concludes appellee's alternative ground to support the decision to quash the indictment is without merit.

"an offense is committed before the effective date of this article if any element of the offense occurs before the effective date." Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705. This provision leaves no ambiguity or absurdity; the only question remaining is whether the date of the prior offense is an element of the offense under § 46.04.

Section 46.04 provides that

A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release fromsupervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX. PENAL CODE ANN. § 46.04 (Vernon 1994). The petitioner in this case was charged under subdivision (2). As the State points out, the penal code provides that " 'element of offense' means (A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D) the negation of any exception to the offense." The Court of Appeals properly noted the "has been convicted of a felony" requirement in § 46.04 falls under the "conduct" heading as a "circumstance[ ] surrounding the conduct." *State v. Mason*, No. 14–97–00189–CR, slip op. at 4, 1997 WL 528912 (Tex.App.—Houston [14th Dist.] 1997) (citing *Caballero v. State*, 927 S.W.2d 128, 130 (Tex.App.—El Paso 1996, pet. ref'd). As such, the elements of the offense with which petitioner was charged were:

(1) petitioner was a felon, and

(2) petitioner possessed a firearm outside his home.

That is, *on the day of the offense*, petitioner must have been a convicted felon, and he must have possessed a firearm outside his

home. As the majority correctly notes, while petitioner's *status* as a previously convicted felon was an element of the offense, the date of the previous conviction was not.[1] The plain language of § 46.04 makes this clear. The date of the previous conviction is wholly irrelevant to the State's case, except to the extent that it must have occurred prior to the possession.

Nor do these two statutes considered in tandem lead to an absurd result. The result the majority considers absurd would only follow from an assumption that the date of the prior conviction is an element of the offense. As the plain language of § 46.04 does not support this assumption, no danger of an absurd result exists. Therefore, *Boykin* forbids any further inquiry into extratextual matters.

With these comments, I join the opinion of the Court.

BAIRD and WOMACK, JJ. join.

---

1. While a charge under § 46.04(1) (criminalizing possession by a felon in his home within five years of release from confinement or supervision) might arguably require proof of a specific date of conviction, we are not faced with that question here.