No. 04-00-00879-CR



EX PARTE Juan Carlos VILLARREAL-NARRATO



From the 365th Judicial District Court, Maverick County, Texas


Trial Court No. 00-09-16847-CV


Honorable Amado J. Abascal, III, Judge Presiding



Opinion by: Tom Rickhoff, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: June 13, 2001


AFFIRMED


 This is an appeal from the trial court's denial of appellant's application for writ of habeas
corpus. Because the appellant offers no authority to support his contentions on appeal, he has waived
any error; therefore, we affirm.

BACKGROUND

 The appellant was arrested on February 8, 2000 and, unable to post bail, was detained at the
Maverick County Detention Center by the Sheriff of Maverick County. The appellant filed an
application for writ of habeas corpus on September 28, 2000, asserting that the State's failure to bring
grand jury indictment charges against him within 202 days of his detainment was a violation of his
civil liberties. The trial court denied the appellant's application.

ANALYSIS

 As a preliminary matter, the State asserts this court does not have jurisdiction to hear this case
because it claims the trial court did not rule on the merits of the application for writ of habeas corpus.
Appeal can be had from a district court order denying an applicant relief on the merits of his claim.
Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). Here, the appellant appeared at the
hearing on his application. After hearing arguments from counsel on appellant's claim that the two-term grand jury system was not constitutional, the trial court found that the two-term system was
constitutional. Therefore, it appears from the reporter's record that the trial court considered and
ruled on the merits of the application for writ of habeas corpus. See Hargett, 819 S.W.2d at 869.
Thus, we conclude this court has jurisdiction.

 The appellant argues that the two-term grand jury system of the 293rd Judicial District Court
of Maverick County subjected him, and others similarly situated, to an unconstitutional degree of
cruel and unusual punishment. The appellant claims cruel and unusual punishment results from delays
in the presentation of the case to the grand jury and delayed grand jury indictment, which detained
suspects would not have suffered in a four-term grand jury system. The appellant does not assert that
the indictment in his case was untimely. (1) Instead, the appellant finds fault with the nature of the two-term system, arguing it provides a greater period of time before the grand jury must bring an
indictment, thus allowing for the detainment of suspects for a longer time period. The only authority
cited by the appellant is Texas Code of Criminal Procedure section 32.01 (2) and Texas Government
Code section 24.470. (3) These sections do not relate to the presentation of the indictment by a two-term or four-term grand jury and no other provisions of law are cited by the appellant in support of
his argument. 

 The appellant makes several broad arguments that the two-term grand jury system violates
the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. His Equal
Protection claim points out the possible discrepancy in time among suspects detained in a two-term
grand jury system and suspects detained in a four-term grand jury system. However, the appellant
fails to show how the Equal Protection Clause applies to his situation. The appellant further argues
that the longer period of detainment for suspects in a two-term grand jury system subjects the suspect
to cruel and unusual punishment. However, the appellant fails to state how the State's actions amount
to cruel and unusual punishment.

 The appellant has not included any citation of relevant authority to support his contention,
causing his argument to be inadequately briefed. Tex. R. App. P. 38.1(h); Mosley v. State, 983
S.W.2d 249, 256 (Tex. Crim. App. 1998). Therefore this argument was not preserved for appellate
review. State v. Mason, 980 S.W.2d 635, 641 n. 3 (Tex. Crim. App. 1998). We affirm the trial
court's judgment.

 Tom Rickhoff, Justice

DO NOT PUBLISH

 



1. The indictment was issued before the end of the next grand jury term as required by Texas Code of Criminal
Procedure section 32.01.
2. "When a defendant has been detained in custody or held to bail for his appearance to answer any criminal
accusations before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown,
supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be [sic] not presented
against such defendant on or before the last day of the next term of the court which is held after his commitment or
admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is
later." Tex. Code Crim P. Ann. § 32.01 (Vernon Supp. 2001).
3. "The 293rd Judicial District is composed of Dimmit, Maverick, and Zavala counties." Tex. Gov't Code
Ann. § 24.470 (Vernon 1988).