NO. 07-03-0198-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 18, 2005



______________________________




LAMAR XAVIER THOMAS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 100
TH DISTRICT COURT OF COLLINGSWORTH COUNTY;



NO. 2471; HONORABLE DAVID M. McCOY, JUDGE



_______________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.



MEMORANDUM OPINION




 Following his plea of not guilty, Lamar Xavier Thomas was convicted by a jury of
evading arrest and punishment was assessed at six years confinement. Presenting five
points of error, appellant contends (1) the evidence is insufficient to show that he intentionally
fled from Billy Gilbert, a person he knew was a peace officer who was attempting to lawfully
arrest or detain him, and the trial court erred by (2) failing to grant his request for instructed
verdict because the State failed to prove every element of the offense, (3) failing to quash the
indictment in which the State alleged he was charged with a third degree felony when, in fact,
he should have been charged with a state jail felony, (4) overruling his objection to the charge
regarding the range of punishment for a third degree felony instead of a state jail felony, and
(5) denying his request for an instruction in the charge on the defense of necessity. We
affirm.

 While on duty on April 5, 2002, Deputy Billy Gilbert was looking for appellant to
investigate an assault charge. When appellant drove past his patrol car, Gilbert activated his
emergency lights and pursued him. Instead of stopping or obeying, appellant sped away and
ignored every stop sign and drove his car on residential streets at a speed in excess of 75
miles per hour. When Gilbert activated the siren, appellant sped up and continued driving
recklessly. The pursuit ended when a wheel on appellant's car came off. Appellant exited
the car and began to run, but was eventually arrested and charged with evading arrest. 
Because of a prior conviction, appellant was indicted for a third degree felony. 

 By his first point of error, appellant contends the evidence is insufficient to show he
intentionally fled from Gilbert, a person he knew was a peace officer who was attempting to
lawfully arrest or detain him, and by his second point, contends the trial court erred in failing
to grant his request for instructed verdict. We disagree.

 Appellant contends the evidence is insufficient because the State failed to meet its
burden of proof that his attempted arrest or detention was lawful. As we understand his
position, both points are grounded on a pretrial ruling of the trial court that the probable cause
affidavit for the arrest warrant was insufficient and that the arrest warrant was invalid.

 Although Gilbert testified that he initially pursued appellant based on his knowledge
of the outstanding warrant, nevertheless, on redirect by the State, he testified, without any
objection, that he had probable cause to arrest and detain appellant at that time. Also, he
testified without objection that appellant committed several traffic violations during the pursuit
and that he was also trying to stop him for those violations. The State had the burden to
prove the existence of probable cause to justify a warrantless arrest. Amores v. State, 816
S.W.2d 407, 413 (Tex.Cr.App. 1991). Concluding that the testimony of Gilbert was sufficient
to satisfy the State's burden, points one and two are overruled. 

 By his third and fourth points of error, appellant contends the trial court erred in failing
to quash the indictment and by overruling his objection to the charge regarding the range of
punishment. He argues that he was incorrectly charged with a third degree felony instead
of a state jail felony. We disagree.

 Under section 38.04(b)(2)(A) of the Texas Penal Code, effective September 1, 2001,
evading arrest or detention is a third degree felony if a vehicle is used and the defendant has
previously been convicted under this statute. Because appellant was convicted for evading
arrest on March 9, 2000, on September 1, 2001, he had a prior conviction for evading arrest.

 Section 38.04(b)(2)(A) does not provide that the offense is a felony only if the prior
offense was committed after September 1, 2001. Further, as written, a prior offense is not
an element of the offense of intentionally fleeing from arrest. Appellant's argument is similar
to the defendant's argument in State v. Mason, 980 S.W.2d 635, 640 (Tex.Cr.App. 1998). 
There, in rejecting Mason's argument and in discussing section 46.04, the Court concluded
that only Mason's "status as a felon" was an element of section 46.04, not the date upon
which the prior conviction occurred. A plain reading of the statute shows that the elements
of the offense are set out in subsection (a) but the grade of the offense is prescribed by
subsection (b). As in Mason, we hold that appellant's status as a felon was not an element
of the offense. Points three and four are overruled.

 By his fifth point of error, appellant contends the trial court erred in denying his request
for an instruction in the charge on the defense of necessity. We disagree. Citing section
9.22 of the Texas Penal Code, appellant argues he was entitled to an instruction on the
defense of necessity. Because he did not testify, there was no evidence that he had a
reasonable belief he needed to try to avoid the pursuit by Gilbert. See § 9.22(1). Moreover,
because appellant did not admit the offense, the defense was not raised. See Young v.
State, 991 S.W.2d 835, 838 (Tex.Cr.App. 1999). Point five is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Per Curiam

Johnson, C.J., not participating.


Do not publish.