NO. 07-03-0198-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2005

_____

LAMAR XAVIER THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 2471; HONORABLE DAVID M. McCOY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, Lamar Xavier Thomas was convicted by a jury of evading arrest and punishment was assessed at six years confinement. Presenting five points of error, appellant contends (1) the evidence is insufficient to show that he intentionally fled from Billy Gilbert, a person he knew was a peace officer who was attempting to lawfully arrest or detain him, and the trial court erred by (2) failing to grant his request for instructed

verdict because the State failed to prove every element of the offense, (3) failing to quash the indictment in which the State alleged he was charged with a third degree felony when, in fact, he should have been charged with a state jail felony, (4) overruling his objection to the charge regarding the range of punishment for a third degree felony instead of a state jail felony, and (5) denying his request for an instruction in the charge on the defense of necessity. We affirm.

While on duty on April 5, 2002, Deputy Billy Gilbert was looking for appellant to investigate an assault charge. When appellant drove past his patrol car, Gilbert activated his emergency lights and pursued him. Instead of stopping or obeying, appellant sped away and ignored every stop sign and drove his car on residential streets at a speed in excess of 75 miles per hour. When Gilbert activated the siren, appellant sped up and continued driving recklessly. The pursuit ended when a wheel on appellant's car came off. Appellant exited the car and began to run, but was eventually arrested and charged with evading arrest. Because of a prior conviction, appellant was indicted for a third degree felony.

By his first point of error, appellant contends the evidence is insufficient to show he intentionally fled from Gilbert, a person he knew was a peace officer who was attempting to lawfully arrest or detain him, and by his second point, contends the trial court erred in failing to grant his request for instructed verdict. We disagree.

Appellant contends the evidence is insufficient because the State failed to meet its burden of proof that his attempted arrest or detention was lawful. As we understand his

2

position, both points are grounded on a pretrial ruling of the trial court that the probable cause affidavit for the arrest warrant was insufficient and that the arrest warrant was invalid.

Although Gilbert testified that he initially pursued appellant based on his knowledge of the outstanding warrant, nevertheless, on redirect by the State, he testified, without any objection, that he had probable cause to arrest and detain appellant at that time. Also, he testified without objection that appellant committed several traffic violations during the pursuit and that he was also trying to stop him for those violations. The State had the burden to prove the existence of probable cause to justify a warrantless arrest. Amores v. State, 816 S.W.2d 407, 413 (Tex.Cr.App. 1991). Concluding that the testimony of Gilbert was sufficient to satisfy the State's burden, points one and two are overruled.

By his third and fourth points of error, appellant contends the trial court erred in failing to quash the indictment and by overruling his objection to the charge regarding the range of punishment. He argues that he was incorrectly charged with a third degree felony instead of a state jail felony. We disagree.

Under section 38.04(b)(2)(A) of the Texas Penal Code, effective September 1, 2001, evading arrest or detention is a third degree felony if a vehicle is used and the defendant has previously been convicted under this statute. Because appellant was convicted for evading arrest on March 9, 2000, on September 1, 2001, he had a prior conviction for evading arrest.

Section 38.04(b)(2)(A) does not provide that the offense is a felony only if the prior offense was committed after September 1, 2001. Further, as written, a prior offense is not

3

an element of the offense of intentionally fleeing from arrest. Appellant's argument is similar to the defendant's argument in State v. Mason, 980 S.W.2d 635, 640 (Tex.Cr.App. 1998). There, in rejecting Mason's argument and in discussing section 46.04, the Court concluded that only Mason's "status as a felon" was an element of section 46.04, not the date upon which the prior conviction occurred. A plain reading of the statute shows that the elements of the offense are set out in subsection (a) but the grade of the offense is prescribed by subsection (b). As in *Mason*, we hold that appellant's status as a felon was not an element of the offense. Points three and four are overruled.

By his fifth point of error, appellant contends the trial court erred in denying his request for an instruction in the charge on the defense of necessity. We disagree. Citing section 9.22 of the Texas Penal Code, appellant argues he was entitled to an instruction on the defense of necessity. Because he did not testify, there was no evidence that he had a reasonable belief he needed to try to avoid the pursuit by Gilbert. *See* § 9.22(1). Moreover, because appellant did not admit the offense, the defense was not raised. *See* Young v. State, 991 S.W.2d 835, 838 (Tex.Cr.App. 1999). Point five is overruled.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Johnson, C.J., not participating.

Do not publish.

4