

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00166-CR

**JONATHAN KRUPA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2005-1247-C2**

## O P I N I O N

The juvenile court placed Jonathan Krupa on determinate sentence probation for a two-year probationary period. Krupa was transferred to the district court and placed on community supervision. The district court later extended the probationary period for an additional three years. After the original period had expired, but within the extended period, the district court revoked Krupa's community supervision and sentenced him to seven years in prison. On appeal, Krupa maintains that the revocation

is void because the district court lacked authority under section 54.051 of the Family Code to extend the probationary term set by the juvenile court. We affirm.

## STANDARD OF REVIEW

Whether section 54.051 authorizes the district court to extend the term of juvenile probation set by the juvenile court is a matter of first impression. Thus, we must follow the rules of statutory construction when interpreting the statute:

> "We necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." When reviewing the literal text of the statute, this Court will read the words and phrases of the statute in context and construe them "according to the rules of grammar and common usage." When the meaning of the text of a statute should have been plain to the legislators who voted on it, "we ordinarily give effect to that meaning." "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute."
>
> This Court recognized one exception to the "plain meaning rule." When the application of a statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, we should not apply the language literally. "When used in the proper manner, this narrow exception to the plain meaning rule does not intrude on the lawmaking powers of the legislative branch, but rather demonstrates respect for that branch, which we assume would not act in an absurd way.
>
> An inquiry into the intent of the legislators who passed a statute is, at best, a secondary resource for interpreting that statute. "If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then and only then, out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such extratextual factors as executive or administrative interpretations of the statute or legislative history."

*State v. Mason*, 980 S.W.2d 635, 638 (Tex. Crim. App. 1998) (internal citations omitted);

*Slaughter v. State*, 110 S.W.3d 500, 502-03 (Tex. App.—Waco 2003, pet. dism'd).

**ANALYSIS**

Section 54.051 provides for the transfer of a child placed on probation, which continues past his eighteenth birthday, to an appropriate district court. *See* TEX. FAM. CODE ANN. § 54.051(a), (d) (Vernon 2008). After transfer, the district court "shall place the child on community supervision under Article 42.12, Code of Criminal Procedure, for the remainder of the child's probationary period and under conditions consistent with those ordered by the juvenile court." *Id*. at § 54.051(e). If the juvenile violates a condition of community supervision, the district court shall dispose of the violation, "as appropriate, in the same manner as if the court had originally exercised jurisdiction over the case." *Id*. at § 54.051(e-2).

Relying on the Family Code's definition of a "child" and the statute's bill analysis, Krupa construes the language "remainder of the child's probationary period" to mean that the district court could not extend his probation because it was limited to the two-year term set by the juvenile court. *See* TEX. FAM. CODE ANN. § 51.02(2)(A)-(B) (Vernon 2008) (A "child" is one who is: (1) ten years of age or older and under 17 years of age; or (2) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age."); *see also* HOUSE COMM. ON JUVENILE JUSTICE AND FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 3517 §10, 76th Leg., R.S. (1999) ("[the court [must] discharge the child from the sentence of probation on the child's 18th birthday, unless the court transfers the child to an appropriate district court, if a sentence of probation ordered under this subsection and

*any extension of probation* will continue after the child's 18th birthday."). Krupa further contends that extending probation past the period set by the juvenile court is not 'consistent with' a two-year probation." (Citing *Foster v. Bullard*, 496 S.W.2d 724, 734 (Tex. Civ. App.—Austin 1973, writ ref'd n.r.e.) ("We find the term 'consistent with' to mean a price not contradictory of, but having agreement with")).

The State maintains that the "probationary period is distinct from the conditions that apply during that period;" the word "child" merely "modifies 'probationary period' to the extent that it identifies when the period begins." According to the State, the plain language of the statute authorizes changes to both the period and the conditions set forth by the juvenile court. We agree with the State.

The statute makes clear that the district court exercises jurisdiction over the transferred juvenile. *See* Tex. Fam. Code Ann. § 54.051(e). Once transferred, the juvenile is subject to the rules enunciated in article 42.12, which applies for the remainder of the probationary period set by the juvenile court. *Id*. During that period, the district court may impose conditions provided in article 42.12 as long they are consistent with those ordered by the juvenile court. *Id*. If the juvenile complies, he will be discharged at the end of the probationary period set by the juvenile court. If the juvenile violates the conditions, the district court may handle the violation, "in the same manner as if the court had originally exercised jurisdiction over the case." *Id*. at § 54.051(e-2).

According to the record, Krupa violated various conditions of his community supervision. The district court handled these violations by modifying Krupa's

community supervision. Krupa agreed to the modifications, including the extension of his probationary period, in lieu of revocation. The district court was authorized, via article 42.12, to extend Krupa's period of community supervision upon a violation of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 22(c) (Vernon Supp. 2008). Similarly, the juvenile court may extend the juvenile's probationary period upon proof of a violation. *See* TEX. FAM. CODE ANN. § 54.05(l) (Vernon 2008). As section 54.051(e-2) indicates, the Legislature clearly intended that the district court have such authority after transfer, in the event the juvenile violates the conditions of community supervision. Had Krupa been under the jurisdiction of the juvenile court, his probation could have been similarly extended. *See id*. We cannot say that extension of Krupa's probationary period is inconsistent with the juvenile court's probation order.

Moreover, nothing in section 54.051 suggests that article 42.12, section 22 is inapplicable to the transferred juvenile. Rather, section 54.051 specifically identifies certain provisions in article 42.12 that either *do not* apply to the transferred child or that may have a different application. *See* TEX. FAM. CODE ANN. § 54.051(e-1) (section 3g, limitations on judge ordered community supervision, and section 3(b), minimum period of community supervision, do not apply to a case transferred from the juvenile court); *see also* § 54.051(e-2) (upon revocation, the district court may "reduce the prison sentence to any length without regard to the minimum term imposed by Section 23(a), Article 42.12"); § 54.051(e-3) (The time that a child serves on probation is the same as time served on community supervision for purposes of determining eligibility for early discharge under Section 20, Article 42.12). The Legislature neither limited nor

eliminated the district court's authority under section 22(c), although it certainly knew how to do so.

We, therefore, hold that a district court, to which a juvenile is transferred under section 54.051, has authority under article 42.12 section 22(c) to extend the probationary period set by the juvenile court when the juvenile fails to comply with the conditions of community supervision. To hold otherwise would lead to the absurd result that the district court has virtually no authority over the transferred juvenile, a result clearly not contemplated by the Legislature. *See Mason*, 980 S.W.2d at 638; *see also Slaughter*, 110 S.W.3d at 502. Because the district court was authorized to extend Krupa's community supervision, its subsequent revocation was not void.[1] We overrule Krupa's sole issue and affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed April 29, 2009
Publish
[CR25]

---

[1] Because we so hold, we need not address Krupa's contention that the district court's capias was issued after the probationary period expired, making the revocation void.