IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00166-CR

 

Jonathan Krupa,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2005-1247-C2

 



Opinion



 








            The juvenile court placed
Jonathan Krupa on determinate sentence probation for a two-year probationary
period.  Krupa was transferred to the district court and placed on community
supervision.  The district court later extended the probationary period for an
additional three years.  After the original period had expired, but within the
extended period, the district court revoked Krupa’s community supervision and
sentenced him to seven years in prison.  On appeal, Krupa maintains that the
revocation is void because the district court lacked authority under section
54.051 of the Family Code to extend the probationary term set by the juvenile
court.  We affirm.

STANDARD OF REVIEW

Whether section 54.051 authorizes the
district court to extend the term of juvenile probation set by the juvenile
court is a matter of first impression.  Thus, we must follow the rules of
statutory construction when interpreting the statute:  

“We necessarily focus our attention on
the literal text of the statute in question and attempt to discern the
fair, objective meaning of that text at the time of its enactment.”  When
reviewing the literal text of the statute, this Court will read the words and
phrases of the statute in context and construe them “according to the rules of
grammar and common usage.”  When the meaning of the text of a statute should
have been plain to the legislators who voted on it, “we ordinarily give effect
to that meaning.”  “Where the statute is clear and unambiguous, the Legislature
must be understood to mean what it has expressed, and it is not for the courts
to add or subtract from such a statute.” 


This Court recognized one exception to the “plain meaning rule.”
 When the application of a statute’s plain language would lead to absurd
consequences that the Legislature could not possibly have intended, we should
not apply the language literally.  “When used in the proper manner, this narrow
exception to the plain
meaning rule does not intrude on the lawmaking powers of the
legislative branch, but rather demonstrates respect for that branch, which we
assume would not act in an absurd way.  

 

An inquiry into the intent of the
legislators who passed a statute is, at best, a secondary resource for
interpreting that statute.  “If the plain language of a statute would lead to
absurd results, or if the language is not plain but rather ambiguous, then and
only then, out of absolute necessity, is it constitutionally permissible for a
court to consider, in arriving at a sensible interpretation, such extratextual
factors as executive or administrative interpretations of the statute or legislative history.”


 

State v. Mason, 980 S.W.2d 635, 638 (Tex. Crim.
App. 1998) (internal citations omitted); Slaughter v. State, 110 S.W.3d 500, 502-03 (Tex.
App.—Waco 2003, pet. dism’d).

ANALYSIS

Section 54.051 provides for the transfer
of a child placed on probation, which continues past his eighteenth birthday, to
an appropriate district court.  See Tex.
Fam. Code Ann. § 54.051(a), (d) (Vernon 2008).  After transfer, the
district court “shall place the child on community supervision under Article 42.12, Code of Criminal
Procedure, for the remainder of the child’s probationary period and
under conditions consistent with those ordered by the juvenile court.”  Id. at § 54.051(e).  If the juvenile violates a condition of community supervision,
the district court shall dispose of the violation, “as appropriate, in the same
manner as if the court had originally exercised jurisdiction over the case.”  Id. at § 54.051(e-2).

Relying on the Family Code’s definition
of a “child” and the statute’s bill analysis, Krupa construes the language
“remainder of the child’s probationary period” to mean that the district court could not extend his
probation because it was limited to the two-year term set by the juvenile
court.  See Tex. Fam. Code Ann. § 51.02(2)(A)-(B) (Vernon 2008) (A “child” is one who is: (1) ten
years of age or older and under 17 years of age; or (2) seventeen
years of age or older and under 18 years of age who is alleged or found to have
engaged in delinquent conduct or conduct indicating a need for supervision as a
result of acts committed before becoming 17 years of age.”); see also House Comm. on Juvenile Justice and Family
Issues, Bill Analysis, Tex. H.B. 3517 §10, 76th Leg., R.S. (1999) (“[the
court [must] discharge the child from the sentence of probation on the child’s
18th birthday, unless the court transfers the child to an appropriate district
court, if a sentence of probation ordered under this subsection and any
extension of probation will continue after the child’s 18th birthday.”).  Krupa further contends that extending probation past the period set
by the juvenile court is not ‘consistent with’ a two-year probation.” (Citing Foster v. Bullard, 496 S.W.2d 724, 734 (Tex.
Civ. App.—Austin 1973, writ ref’d n.r.e.) (“We find the term ‘consistent with’ to mean a price not contradictory of, but having agreement with”)).

The State maintains that the
“probationary period is distinct from the conditions that apply during that
period;” the word “child” merely “modifies ‘probationary period’ to the extent
that it identifies when the period begins.”  According to the State, the plain
language of the statute authorizes changes to both the period and the
conditions set forth by the juvenile court.  We agree with the State.

The statute makes clear that the
district court exercises jurisdiction over the transferred juvenile.  See
Tex. Fam. Code Ann. § 54.051(e). 
Once transferred, the juvenile is subject to the rules enunciated in article
42.12, which applies for the remainder of the probationary period set by the
juvenile court.  Id.  During that period, the district court may impose
conditions provided in article 42.12 as long they are consistent with those
ordered by the juvenile court.  Id.  If the juvenile complies, he will
be discharged at the end of the probationary period set by the juvenile court. 
If the juvenile violates the conditions, the district court may handle the
violation, “in the same manner as if the court had originally exercised jurisdiction
over the case.”  Id. at § 54.051(e-2).

According to the record, Krupa violated
various conditions of his community supervision.  The district court handled
these violations by modifying Krupa’s community supervision.  Krupa agreed to
the modifications, including the extension of his probationary period, in lieu
of revocation.  The district court was authorized, via article 42.12, to extend
Krupa’s period of community supervision upon a violation of community
supervision.  See Tex. Code Crim.
Proc. Ann. art. 42.12 § 22(c) (Vernon Supp. 2008).  Similarly, the juvenile court may extend the
juvenile’s probationary period upon proof of a violation.  See Tex. Fam. Code
Ann. § 54.05(l) (Vernon
2008).  As section 54.051(e-2) indicates, the Legislature clearly intended that the
district court have such authority after transfer, in the event the juvenile
violates the conditions of community supervision.  Had Krupa been under the
jurisdiction of the juvenile court, his probation could have been similarly
extended.  See id.  We cannot say that extension of Krupa’s probationary
period is inconsistent with the juvenile court’s probation order.  

Moreover, nothing in section 54.051
suggests that article 42.12, section 22 is inapplicable to the transferred
juvenile.  Rather, section 54.051 specifically identifies certain provisions in
article 42.12 that either do not apply to the transferred child or that
may have a different application.  See Tex.
Fam. Code Ann. § 54.051(e-1) (section 3g, limitations on judge ordered
community supervision, and section 3(b), minimum period of community
supervision, do not apply to a case transferred from the juvenile court); see
also § 54.051(e-2) (upon revocation, the district court may “reduce the
prison sentence to any length without regard to the minimum term imposed by
Section 23(a), Article 42.12”); § 54.051(e-3) (The time that a child serves on
probation is the same as time served on community supervision for purposes of
determining eligibility for early discharge under Section 20, Article 42.12).  The
Legislature neither limited nor eliminated the district court’s authority under
section 22(c), although it certainly knew how to do so.

We, therefore, hold that a district
court, to which a juvenile is transferred under section 54.051, has authority under
article 42.12 section 22(c) to extend the probationary period set by the
juvenile court when the juvenile fails to comply with the conditions of
community supervision.  To hold otherwise would lead to the absurd result that
the district court has virtually no authority over the transferred juvenile, a
result clearly not contemplated by the Legislature.  See Mason, 980 S.W.2d at 638; see also
Slaughter, 110 S.W.3d at 502.  Because the district court was
authorized to extend Krupa’s community supervision, its subsequent revocation
was not void.[1]
 We overrule Krupa’s sole issue and affirm the trial court’s judgment.

 

 

FELIPE REYNA

Justice

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed April 29, 2009

Publish

[CR25]

 

 









[1]               Because we so hold, we
need not address Krupa’s contention that the district court’s capias was issued
after the probationary period expired, making the revocation void.