In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00282-CR
NO. 09-18-00283-CR
NO. 09-18-00284-CR

_____

**DANIEL ADAM BILLINGSLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 17-28249, 17-28250, 17-28251**

**MEMORANDUM OPINION**

A jury convicted appellant Daniel Adam Billingsley of three charges of aggravated sexual assault of a child. The trial judge assessed punishment at fifty years of confinement in each case. In three appellate issues, Billingsley challenges the sufficiency of the evidence to prove that the offenses occurred in Jefferson County, Texas, and he asserts that the trial court erred by admitting text messages

1

into evidence and declining to admit GPS data from Billingsley's cell phone into evidence. We affirm the trial court's judgments.

ISSUE ONE

In his first issue, Billingsley asserts that the evidence was insufficient to prove that the offenses occurred in Jefferson County, Texas. The indictments allege that Billingsley penetrated the victim's sexual organ with his finger on two occasions and penetrated her sexual organ with his sexual organ on one occasion. According to the indictments, all three offenses occurred in Jefferson County, Texas.

"[V]enue is procedurally and substantively different from elements of the offense." *Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014). Lack of venue does not constitute a finding of insufficient evidence of a required element of the offense, and it does not mean that the trial court lacked jurisdiction. *Id*. "Although venue must be proven 'at trial to establish a defendant's [legal] status,' that 'does not convert' venue into an 'element[] of the proscribed offense[].'" *Id*. at 35 (quoting *State v. Mason*, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998)). Therefore, failure to prove venue at trial does not implicate sufficiency of the evidence, nor does it require acquittal. *Id*. Moreover, failure to prove venue as alleged in the indictment does not constitute structural or constitutional error. *Id*. at 37.

The victim testified that she sometimes slept in the same bed with Billingsley at Billingsley's "grandmother's house in Beaumont or his dad's house in Louisiana." The victim testified that she uses the word "business" to refer to her genitals or vagina, as well as to a man's penis. According to the victim, Billingsley began putting his fingers into her vagina in Beaumont, and she testified that this occurred "one or two times." The victim explained that the abuse happened in Louisiana on weekends and during the week in Beaumont. The victim testified that it hurt when Billingsley put his fingers inside her. The victim also testified that Billingsley "put his business in mine[,]" and she recalled that this happened "once in Beaumont." During cross-examination, the victim testified, "I know for a fact that . . . all three things that I have told y[ou] that he's done w[ere done] at least one or two times inside Beaumont." The victim's mother testified that Billingsley's grandmother's house is located in Beaumont, Texas.

On this record, we conclude that the trial court did not err in determining that venue was proper in Jefferson County, Texas. *See* Tex. Code Crim. Proc. Ann. art. 13.15 (West 2015) (providing that "Sexual assault may be prosecuted in the county in which it is committed[.]"); *Schmutz*, 440 S.W.3d at 34. For the reasons explained in *Schmutz*, we reject Billingsley's contention that venue is an element of the offense that the State was required to prove. *See Schmutz*, 440 S.W.3d at 34-35. In addition,

3

even if venue had not been properly proved at trial, any such error would have been harmless. *See Schmutz*, 440 S.W.3d at 35, 37, 39; *see also* Tex. R. App. P. 44.2(b). We overrule issue one.

## ISSUES TWO AND THREE

In issue two, Billingsley argues that the trial court erred by admitting text messages into evidence, and in issue three, Billingsley argues that the trial court erred by refusing to admit GPS data from Billingsley's cell phone into evidence. We address issues two and three together.

During the testimony of the victim's mother ("mother"), the trial court admitted into evidence screenshots from mother's cell phone of text messages between mother and Billingsley over defense counsel's objection. Defense counsel objected that "text messages are susceptible of being doctored. You can delete text messages and do screenshots[.]" Defense counsel also objected "on the basis of hearsay[.]" Defense counsel further asserted that if a cell phone expert had been brought to testify that the messages were authentic and no text messages had been deleted, "then we wouldn't have a problem. But no expert has been tendered by the State that concerns the text messages and . . . they're not accompanied by any kind of business records affidavit[.]"

Billingsley testified that his cell phone has a GPS locator, and he was able to use the phone's GPS locator to see his locations on various dates and take screenshots of those locations. Billingsley testified that the photographs accurately represent where his phone was and photos that he had taken. When defense counsel moved to admit the screenshots into evidence, the State took Billingsley on voir dire. During the voir dire examination, Billingsley stated that he obtained the GPS information from the Google maps application on his phone. Billingsley agreed with the prosecutor that the screenshots contain information from Google rather than his personal knowledge, and he stated that he does not know how Google records the information. Billingsley opined that the application is "pretty accurate" because it correctly reflected what he was doing at the recorded times. Billingsley agreed that it is possible to turn off the GPS on his phone. After completing its voir dire examination of Billingsley, the State objected "that these records are hearsay and cannot be authenticated by the defendant[,]" and the trial court sustained the objection.

We review a trial court's rulings admitting or excluding evidence under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Absent a clear abuse of discretion, we will not disturb the trial court's decision to

admit or exclude testimony. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). A trial court abuses its discretion when its decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Weatherred*, 15 S.W.3d at 542. Error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected. Tex. R. Evid. 103(a); Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d at 266, 271 (Tex. Crim. App. 1997). Reversal is not appropriate if, after examining the record as a whole, we have fair assurance that the error either did not influence the jury or influenced the jury only slightly. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001).

Viewing the record as a whole, we cannot say that the trial court erred by refusing to admit the GPS evidence from Billingsley's cell phone or by admitting the text messages that were purportedly between the victim's mother and Billingsley. *See Weatherred*, 15 S.W.3d at 542. In addition, after examining the entire record, we have fair assurance that the admission of the text messages and the exclusion of the GPS evidence from Billingsley's cell phone did not influence the jury or influenced the jury only slightly. *See Schutz*, 63 S.W.3d at 444; *see also* Tex. R.

Evid. 103(a); Tex. R. App. P. 44.2(b). We overrule issues two and three. Having overruled each of Billingsley's issues, we affirm the trial court's judgments.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 16, 2019
Opinion Delivered May 15, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.