**Michael Dewayne POWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–00358–CR.**

Court of Appeals of Texas,
Waco.

Oct. 20, 2004.

Rehearing Overruled Nov. 16, 2004.

N. Grant Kinsey, Susan N. Kelly Johnston, Law Office of Johnston & Johnston, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Christy Barber, Hilary LaBorde, McLennan County Asst. Dist. Attys, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Michael Powell of evading arrest in a vehicle, elevated by a prior evading arrest conviction to the level of a third degree felony. Powell pleaded "true" to an enhancement allegation, and the jury assessed his punishment at twenty years' imprisonment. Powell contends in five issues that the court erred by: (1) admitting evidence that he was on parole at the time of the offense; (2) admitting evidence that a handgun was found near the car he was allegedly driving; (3) admitting in evidence a statement from an unidentified person overheard on a cellular phone found in the car; (4) failing to charge the jury on a lesser-included offense; and (5) charging the jury that the offense was a third degree felony rather than a state jail felony. Because the probative value of the evidence regarding Powell's parole status and the handgun is substantially outweighed by the danger of unfair prejudice, we will reverse and remand.

## BACKGROUND

Officer Charles Spann was directing traffic at a busy neighborhood intersection on the night in question. A car approached without its headlights on. Spann asked the driver, whom Spann identified as Powell, for his license and proof of insurance. The driver indicated that he had none and put the car in gear. Spann warned him that fleeing in a vehicle would be a felony offense. The car drove away, and Spann ran to his patrol car to pursue it.

The car turned a corner and stopped about 250 feet from the intersection. The occupants fled the area. Spann found Powell's DPS identification card in the driver's side of the car and found a handgun lying on the ground near the driver's side. A detective later obtained an arrest warrant for Powell, and this prosecution ensued.

## ALTHOUGH RELEVANT, THE PROBATIVE VALUE OF THE EVIDENCE REGARDING POWELL'S PAROLE STATUS AND THE HANDGUN IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE

Powell contends in his first and second issues respectively that the court abused its discretion by permitting the State to introduce evidence that he was on parole at the time of the offense alleged and that the handgun was found near the car. Specifically, he contends that this evidence is not relevant under Rule 404(b) or, if it is, that its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. The State responds that the evidence is relevant to the issue of motive and that its probative value is not substantially outweighed by the danger of unfair prejudice.

▪ Evidence of motive is always relevant and admissible to prove that a defendant committed the offense alleged. *Crane v. State,* 786 S.W.2d 338, 349–50 (Tex.Crim.App.1990); *Garcia v. State,* 150 S.W.3d 598, 612 (Tex.App.-San Antonio 2004, no pet. h.); *Keen v. State,* 85 S.W.3d 405, 413–14 (Tex.App.-Tyler 2002, pet. ref'd). Evidence of extraneous conduct may be offered to prove motive under Rule 404(b) if the evidence tends to raise an inference that the defendant had a motive to commit the offense. *Crane,* 786 S.W.2d at 350; *Garcia,* 150 S.W.3d at 612; *Smith v. State,* 959 S.W.2d 1, 17 (Tex.App.-Waco 1997, pet. ref'd); *see also* Tex.R. Evid. 404(b). Stated another way, such evidence is admissible under Rule 404(b) if "it tends to establish some evidentiary fact, such as motive . . . , leading inferentially to an elemental fact [such as identity or intent]."

*Powell v. State,* 63 S.W.3d 435, 438 (Tex. Crim.App.2001) (quoting *Montgomery v. State,* 810 S.W.2d 372, 387–88 (Tex.Crim. App.1991)).

▪ Even if admissible under Rule 404(b) however, evidence of extraneous conduct will be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Tex.R. Evid. 403; *Moses v. State,* 105 S.W.3d 622, 626 (Tex.Crim.App.2003).

▪ This Court must give appropriate deference to the trial court's determination that the probative value of the evidence in question is not substantially outweighed by the danger of unfair prejudice. *Moses,* 105 S.W.3d at 627.

> The appellate court should not conduct a de novo review of the record with a view to making a wholly independent judgment whether the probative value of evidence of "other crimes, wrongs, or acts" is substantially outweighed by the danger of unfair prejudice. It should reverse the judgment of the trial court "rarely and only after a clear abuse of discretion."

*Id.* (quoting *Montgomery,* 810 S.W.2d at 392).

▪ The State contends that Powell's parole status tends to raise an inference that he had a motive to flee because he is prohibited under the rules of parole from possessing a firearm or associating with someone in possession of a firearm.[1] Therefore, the admissibility of this evidence hinges on the State's ability to connect the handgun to Powell or the other occupant of the car.

Officer Charles Spann found the handgun on the ground near the drivers' side of

---

1. The State does not provide an independent rationale for the admission of testimony about the handgun. Rather, the State discusses the admission of this testimony collectively with evidence of Powell's parole status as relevant to motive.

the car. It appeared to have been only recently left there. However, Powell's fingerprints were not found on the handgun, and Spann testified that the driver of the car was not wearing gloves. In addition, Powell presented evidence that he was not driving the car, and Spann's own testimony contradicted the offense report he had prepared as to which side of the car Powell exited and which side Spann initially approached.

Despite these contradictions, the evidence surrounding the handgun does at a minimum tend to raise an inference that one of the occupants of the car was in possession of a handgun before they fled on foot from the officer. Thus, this evidence, when considered with Powell's parole status, is relevant to motive.

 When we consider whether the trial court abused its discretion by concluding that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, we consider:

- how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;
- the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";
- the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and
- the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to

him to help establish this fact, and is this fact related to an issue in dispute.

*Manning v. State,* 114 S.W.3d 922, 926 (Tex.Crim.App.2003).

The underlying "fact of consequence" or "elemental fact" is identity. In other words, the State offered the evidence in question to prove Powell's motive, which is probative of the disputed "elemental fact" of identity. *See Powell,* 63 S.W.3d at 438.

The State's evidence that Powell was the person in possession of the handgun is weak at best. Although not quite as tenuous, the evidence is likewise fairly weak on the issue of whether either occupant of the car abandoned the handgun as they fled on foot.[2] Because of the low probative value of the evidence with respect to the gun, neither it nor Powell's parole status compellingly serve to establish his identity as the person who fled from the officer.

Because of the State's effort to tie the handgun directly to Powell, evidence relating to the handgun had the potential to influence the jury in an "irrational but nevertheless indelible way." *See Alexander v. State,* 88 S.W.3d 772, 778 (Tex.App.-Corpus Christi 2002, pet. ref'd).

The State did not require a significant amount of time to present the evidence in question.

As stated, the disputed fact of consequence is identity. The car was rented by Powell's girlfriend, his identification card was in the driver's side door, and Spann testified that Powell was the person driving the car. Thus, the State had "other probative evidence available" to establish Powell's identity. Accordingly, the State did not have a compelling "need" to prove motive via Powell's parole status and the handgun.

**2.** Conversely, it is not disputed that Powell was on parole at the time of the offense.

■ After considering the evidence in light of the factors provided, we conclude that this is one of those "rare" cases in which the record demonstrates a "clear abuse of discretion." *See Moses,* 105 S.W.3d at 627. Now we consider whether this error requires reversal under Rule of Appellate Procedure 44.2(b).

■ Reversal is required only if the error affected Powell's "substantial rights." TEX.R.APP. P. 44.2(b). As this Court has explained,

> In applying the test for "harmless error," our primary question is what effect the error had, or reasonably may have had, upon the jury's decision. We must view the error, not in isolation, but in relation to the entire proceedings. An error is harmless if the reviewing court, after viewing the entire record, determines that no substantial rights of the defendant were affected because the error did not influence or had only a slight influence on the verdict. Stated another way, an error is harmless if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict.
>
> . . . .
>
> The error must have affected the outcome of the lower court proceedings. That is to say, if we have "grave doubts" about whether an error did not affect the outcome, we must treat the error as if it did. "Grave doubt," means that, "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." The uncertain judge should treat the error, not as if it were harmless, but as if it affected the verdict (*i.e.,* as if it had a "substantial and injurious

effect or influence in determining the jury's verdict").

*Davis v. State,* 104 S.W.3d 177, 182–83 (Tex.App.-Waco 2003, no pet.) (quoting *Fowler v. State,* 958 S.W.2d 853, 865 (Tex. App.-Waco 1997) (citations omitted), *aff'd,* 991 S.W.2d 258 (Tex.Crim.App.1999)).[3]

Powell's girlfriend Tiffany testified that they had been in Dallas that day and returned to Waco that evening. They went to a park where their friends and acquaintances generally gathered. They got into an argument, and Tiffany decided to leave him there. She was so upset that she asked her sister Garika to drive the car. However, Garika did not have her driver's license with her, so she found another friend, Marvin Edwards, and asked him to drive Tiffany's car to her house, about two blocks away. Tiffany explained that Powell's identification card had been left in the car when they returned to Waco from Dallas.

Tiffany's sister Garika and another friend testified to essentially the same facts as Tiffany, except that they did not offer an explanation for Powell's identification card being in the car. Garika explained that Marvin Edwards was a classmate from Waco High School, but she was not sure of his last name until she discussed it with a former classmate who now lives in Dallas.

On rebuttal, the State presented testimony from a Waco Independent School District employee that no student by the name of Marvin Edwards was enrolled at Waco High during the pertinent time period. The Waco ISD employee did not check for other last names similar to Edwards.

Powell's counsel pointed out numerous discrepancies between Officer Spann's re-

---

3. The internal quotations are from the decision of the United States Supreme Court in

*O'Neal v. McAninch,* 513 U.S. 432, 435, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995).

port and his testimony regarding the events Spann observed on the occasion in question. Powell presented evidence that he was not driving the car on the occasion in question and an explanation for how his identification card came to be in the car. The State argued that Powell's parole status proves his motive and thus "puts this defendant behind the wheel." Although the State offered probative evidence of Powell's identity, it cannot be characterized as "overwhelming." *Cf. Motilla v. State,* 78 S.W.3d 352, 357–58 (Tex.Crim. App.2002) (overwhelming evidence of guilt is factor to be considered under Rule 44.2(b)).

The court abused its discretion by concluding that the probative value of the evidence regarding the handgun and Powell's parole status was not substantially outweighed by the danger of unfair prejudice. In view of the disputed evidence regarding identity and the State's argument, we harbor "grave doubts" about whether this error affected the verdict. *See Davis,* 104 S.W.3d at 182–83. Accordingly, we sustain Powell's first and second issues.

Although our disposition of the first and second issues requires reversal, we write further to address issues likely to occur upon retrial. *See Cook v. State,* 940 S.W.2d 623, 627–28 (Tex.Crim.App.1996); *Vrba v. State,* 69 S.W.3d 713, 719 (Tex. App.-Waco 2002, no pet.).

## THE CELLULAR PHONE STATEMENT WAS NOT HEARSAY BECAUSE A DETECTIVE RELIED IN PART ON IT TO OBTAIN POWELL'S ARREST WARRANT

█ Powell contends in his third issue that the court abused its discretion by admitting in evidence the content of a statement which Officer Spann overheard when searching the car. The State responds that the statement was not offered to prove the truth of the matter asserted but rather to show the information which a detective relied on to seek a warrant for Powell's arrest.

As Spann searched the car, a cellular phone in the car started ringing, and Spann answered it. The caller asked, "Stevie, did Little Mike get away, or did the police get him?" Powell made a hearsay objection to Spann's testimony about this statement, which the court overruled. The State also presented evidence from three detectives that "Little Mike" was a nickname of Powell's, according to department records. The assigned detective testified that he relied on this information (together with Spann's identification of Powell and the presence of Powell's identification card in the car) to obtain the arrest warrant.

█ Out-of-court statements offered to show why the defendant became the subject of the investigation are not hearsay. *Dinkins v. State,* 894 S.W.2d 330, 347 (Tex. Crim.App.1995); *Ellis v. State,* 99 S.W.3d 783, 788 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd). Because the detective testified that he relied in part on this statement as a basis for the arrest warrant, the court did not abuse its discretion by overruling Powell's hearsay objection. Accordingly, we overrule Powell's third issue.

## POWELL'S ISSUE ABOUT A LESSER–INCLUDED OFFENSE WILL NOT BE ADDRESSED BECAUSE THIS COURT DOES NOT KNOW WHAT EVIDENCE WILL BE PRESENTED ON RETRIAL

Powell contends in his fourth issue that the court erred by failing to charge the jury on the lesser-included offense of misdemeanor evading arrest (*i.e.,* evading on foot). However, because we cannot say

whether the evidence on retrial will justify submission of a lesser-included offense, we will not address this issue. *See Henley v. State*, 98 S.W.3d 732, 737 (Tex.App.-Waco 2003, pet. ref'd).

## THE DATE OF POWELL'S PRIOR CONVICTION FOR EVADING ARREST IS NOT AN ELEMENT OF THE THIRD DEGREE FELONY OFFENSE OF EVADING ARREST

■ Powell contends in his fifth issue that the trial court should have charged the jury on evading arrest as a state jail felony rather than as a third degree felony because his prior conviction occurred before the Legislature amended the evading arrest statute to create the third degree offense.

However, the Court of Criminal Appeals has rejected this contention under similar circumstances involving a different statute. *See State v. Mason*, 980 S.W.2d 635, 641 (Tex.Crim.App.1998) (construing section 46.04). As the Court explained, the date of the prior conviction is not an element of the subsequent offense. *Id.; accord Manning v. State*, 112 S.W.3d 740, 743 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd) (construing section 22.01(b)(2)).[4] Accordingly, we overrule Powell's fourth issue.

We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

I agree with neither the determination of error nor the Court's resulting harm analysis. In many cases, events occur that members on this Court would have han-

dled differently. We should be very careful to not allow what we would have done, as the trial attorney or the trial court, color our decision on appeal. When a trial court makes a discretionary ruling, the courts of appeals have been repeatedly directed by the higher court that we do not substitute our judgment for that of the trial court. *See Salazar v. State*, 38 S.W.3d 141 (Tex.Crim.App.2001); *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App. 1997); *Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App.1990)(op. on reh'g). Again, in yet another case, I believe that is all that we are doing.

The Court seems to accept that identity was the primary disputed issue. The Court seems to accept that evidence of motive was relevant to show why the defendant is the one who committed the crime—identity. The Court seems to accept that possession of a firearm by a convicted felon while on probation would be a motive for the convicted felon to evade arrest. Of course, the State needed to prove the identity of the person who was evading arrest. The trial court conducted the 403 balancing test and decided in favor of admitting the evidence. But this Court wants to handcuff the State and keep them from presenting this evidence— evidence relevant to prove identity.

This Court, as a reviewing court, is supposed to review the trial court's decision. This Court, as a reviewing court, is not supposed to conduct its own determination of the balancing test. I think a careful review of this Court's opinion reveals that is exactly what the Court has done, made its own determination rather than review the trial court's decision. This is most evident when, as here, the Court expressly

---

4. The Dallas Court of Appeals has applied the reasoning of *Mason* to the evading arrest statute in an unpublished opinion. *See Loveland v. State*, No. 05–99–1761–CR, 2000 WL 1690193, *4–6, 2000 Tex.App. LEXIS 7692, at *11–14 (Tex.App.-Dallas Nov. 13, 2000, no pet.) (not designated for publication).

uses only the trial court's balancing factors to decide whether the trial court abused its discretion instead of using the appropriate "relevant criteria" to review the trial court's decision. *See Graff v. State,* 65 S.W.3d 730, 739–740 (Tex.App.-Waco 2001, pet. ref'd).

And then there is the harm analysis. Would there be a different result had the Court considered certain factors when assessing harm in a Rule 403 error? *See Id.* at 741. Is this why they were not used?

We have done this before. *See Thrift v. State,* 134 S.W.3d 475 (Tex.App.-Waco 2004, no pet.); *Williams v. State,* 27 S.W.3d 599 (Tex.App.-Waco 2000, pet. ref'd). Until we get "guidance," I suspect we will continue the trend to throw out convictions when we, if we had been the trial court, would not have allowed the evidence to be admitted.

Finding no error in admitting the evidence, I respectfully dissent.