NO. 07-09-00238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 19, 2010

NITO JIM GUERRA JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 264TH DISTRICT COURT OF BELL COUNTY;

NO. 63206; HONORABLE MARTHA J. TRUDO, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On our own motion, we withdraw our opinion and judgment of May 20, 2010, and substitute the following. See TEX. R. APP. P. 50.

A Bell County[1] jury found appellant, Nito Jim Guerra, guilty of evading arrest or detention using a motor vehicle and having been previously convicted of evading arrest

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Austin Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

or detention, a third-degree felony.[2] The trial court assessed a sentence, enhanced by prior felony convictions, of incarceration for a period of forty years. On appeal, appellant contends that the trial court abused its discretion by admitting (1) evidence of extraneous offenses and (2) victim impact testimony relating to an extraneous offense. We affirm.

Factual and Procedural History

In October 2007, Office Jeffrey Fudge of the Temple Police Department observed a vehicle without a front license plate. Fudge turned his car around to investigate, and the suspect vehicle drove off at a high rate of speed. Fudge activated his emergency lights and sirens and pursued the vehicle. He testified that there was only one occupant in the vehicle as he pursued it. The driver proceeded into a neighborhood, traveling at approximately sixty miles per hour, ran a stoplight, nearly collided head-on with another vehicle, drove between two houses, struck a telephone pole, and crashed into a concrete drainage ditch.

Fudge got out of his car and ran toward the crash. When he was within twenty-five to fifty feet of the crash, Fudge clearly saw the driver leap from the disabled vehicle and flee on foot. Fudge never lost sight of the driver as he pursued him on foot for about 100 yards. Following this brief chase, the driver, appellant, surrendered and was arrested by Fudge and, subsequently, was charged with evading arrest or detention.

---

[2] See TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (Vernon Supp. 2009).

At trial, appellant called his cellmate, Billy Watkins, who was incarcerated on an unrelated offense and testified that it was he, not appellant, who had been driving the vehicle. Watkins testified that appellant had asked to be let out of the vehicle but Watkins kept driving. Watkins explained that he jumped out of the wrecked car at the same time appellant did but that he was able to escape whereas appellant was apprehended. Fudge testified that he never saw a second occupant in the vehicle he was pursuing and that a second person did not get out of the vehicle following the crash. He also testified that appellant never claimed, prior to trial, that there was a second person in the vehicle with him or that he was not the driver.

## Evidence of Extraneous Offenses

Appellant's first issue stems from Watkins's testimony that it was he, rather than appellant, who was driving the vehicle and that appellant had asked to be let out of the vehicle. Following and in response to Watkins's testimony, the State offered evidence of three prior convictions of appellant: a 2006 conviction for burglary, a 2005 conviction for possession of a controlled substance, and a 1999 conviction for aggravated assault.

Appellant objected, arguing that Watkins's testimony that appellant asked to be let out of the vehicle was nonresponsive and did not open the door to evidence of extraneous offenses. The State argued that the evidence of extraneous offenses was proper impeachment evidence of appellant's out-of-court statement and was relevant to rebut appellant's defensive theory that Watkins, rather than appellant, was driving the truck when police were pursuing it. The extraneous offense evidence, the State claimed, illustrated appellant's motive to advance this theory: to avoid an enhanced

3

sentence of twenty-five years to life imprisonment. So, the evidence was relevant, according to the State, to illustrate motive for appellant to fabricate this defensive theory challenging the element of identity. The trial court agreed and admitted the evidence with a limiting instruction that the jury was to consider the evidence only for the purposes of showing motive to fabricate the version of events that included Watkins as the driver and impeaching appellant's statement to Watkins that he wanted out of the vehicle.

Standard of Review

Whether objected-to evidence of "other crimes, wrongs, or acts" has relevance apart from character conformity is a question for the trial court. TEX. R. EVID. 404(b), Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). The trial court must conclude that the evidence tends, in logic and common experience, to serve some purpose other than character conformity to make the existence of a fact of consequence more or less probable than it would be without the evidence. Id. Because the trial court is in the best position to make the call on such substantive admissibility issues, we review its admissibility decision under an abuse of discretion standard. Powell v. State, 63 S.W.3d 435, 438 (Tex.Crim.App. 2001); Montgomery, 810 S.W.2d at 391. This standard requires us to uphold the trial court's admissibility decision when that decision is within the zone of reasonable disagreement. Powell, 63 S.W.3d at 438. Moreover, we will sustain a trial court's decision regarding admissibility of evidence if it is correct on any theory of law applicable to the case. Romero v. State, 800 S.W.2d 539, 543–44 (Tex.Crim.App. 1990).

4

Exclusion of Evidence under Rule 404(b), Exceptions

Evidence of other crimes, wrongs, or acts is not admissible "to prove the character of a person in order to show action in conformity therewith"; however, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, or identity. TEX. R. EVID. 404(b); Williams v. State, 301 S.W.3d 675, 687 (Tex.Crim.App. 2009). The State maintains that Rule 404(b) permits this evidence for the purposes of showing the identity of the driver and rebutting appellant's defensive theory that Watkins was driving and refused to let appellant out of the vehicle.

Relevant evidence of a person's bad character may be admissible when it is relevant to a non-character fact of consequence in the case, such as rebutting a defensive theory. Powell, 63 S.W.3d at 438; Montgomery, 810 S.W.2d at 387–88. Additionally, evidence of motive is always relevant and admissible to prove that a defendant committed the offense alleged. Crane v. State, 786 S.W.2d 338, 349–50 (Tex.Crim.App. 1990); Keen v. State, 85 S.W.3d 405, 413–14 (Tex.App.—Tyler 2002, pet. ref'd). Evidence of extraneous conduct may be offered to prove motive under Rule 404(b) if the evidence tends to raise an inference that the defendant had a motive to commit the offense. Crane, 786 S.W.2d at 350. Put another way, such evidence is admissible under Rule 404(b) if "it tends to establish some evidentiary fact, such as motive . . ., leading inferentially to an elemental fact [such as identity or intent]." Powell, 63 S.W.3d at 438 (quoting Montgomery, 810 S.W.2d at 387–88).

5

<u>Applicable Law</u>

As noted, the Texas Supreme Court transferred this case to this Court from the Austin Court of Appeals. That being so, we must decide this case "in accordance with the precedent of the transferor court under the principles of *stare decisis*" if our decision otherwise would have been inconsistent with the precedent of the transferor court. TEX. R. APP. P. 41.3; <u>Phillips v. Phillips</u>, 296 S.W.3d 656, 672 (Tex.App.—El Paso 2009, pet. denied). This Court has addressed Rule 404(b) admissibility issues generally. <u>See</u> <u>Williams v. State</u>, 290 S.W.3d 407, 410–11 (Tex.App.—Amarillo 2009, no pet.). However, we have not faced this precise issue.[3] The Austin Court has not directly addressed this issue either. We will, therefore, examine the Austin Court's general approach in analyzing Rule 404(b) issues, some language from a related issue that would suggest the Austin Court's approach in this specific context, and look to decisions of sister courts to best discern the intermediate courts' treatment of this issue.

Generally, it appears the Austin Court adheres to the widely-accepted standard of review of the trial court's Rule 404(b) admissibility determinations and has applied that standard in a variety of contexts. <u>See</u> <u>Maher v. State</u>, No. 03-07-00179-CR, 2008 Tex. App. LEXIS 5213, *10–*11 (Tex.App.—Austin July 10, 2008, pet. ref'd) (mem. op., not designated for publication) (evidence of drugs found in appellant's backpack three weeks after alleged assault was inadmissible because it had no relevance to the

---

[3] We, therefore, cannot say that the decision in this case would have otherwise been inconsistent with that of our sister court. Nor do we read Rule 41.3 as permitting our independent analysis of the issue in the absence of inconsistent precedent from the transferee court. Rule 41.3 requires us to apply the law of the transferor court in this situation, and we do so. We note only that this Court has not directly addressed this issue in a non-transfer case.

offenses for which appellant was on trial and served only to prove appellant's bad character); <u>Tapps v. State</u>, 257 S.W.3d 438, 447 (Tex. App.—Austin 2008), <u>aff'd on other grounds</u>, 294 S.W.3d 175 (Tex. Crim. App. 2009) (testimony concerning whether witness knew appellant was registered sex offender may be relevant to show potential bias by the witness or challenge the witness's credibility, purposes other than showing conduct in conformity with character); <u>Pierce v. State</u>, No. 03-03-00536-CR, 2005 Tex.App. LEXIS 6229, at *25 (Tex.App.—Austin Aug. 3 2005, no pet.) (mem. op., not designated for publication) (evidence of prior financial improprieties and deceit admissible in murder trial to show motive).[4]  The Austin Court has also recognized that, when an accused challenges an element of the offense requiring proof of intent, admission of extraneous offense evidence can aid in proving intent if the required intent cannot be inferred from the act itself or if the accused presents evidence to rebut the inference that the required intent existed.  <u>Johnson v. State</u>, 932 S.W.2d 296, 302 (Tex.App.—Austin 1996, pet. ref'd).  We see nothing from our survey of the Austin

---

[4] <u>See also</u> <u>Hernandez v. State</u>, No. 03-07-00040-CR, 2010 Tex. App. LEXIS 851, *21–*22 (Tex.App.—Austin Feb. 5, 2010, no pet.) (mem. op., not designated for publication) (quoting <u>Montgomery</u> in recognition that the standard of review means that an appellate court should reverse the admissibility decision only if it concludes that "by no reasonable perception of common experience can it be concluded that proffered evidence has a tendency to make the existence of a fact of consequence" other than character conformity "more or less probable than it would otherwise be") <u>Ramirez v. State</u>, No. 03-05-00219-CR, 2006 Tex.App. LEXIS 7557, at *20–*21 (Tex.App.—Austin Aug. 25 2006, pet. ref'd) (mem. op., not designated for publication) (extraneous offense admissible in trial for aggravated robbery to rebut defensive theory challenging identity); <u>Brown v. State</u>, No. 03-04-00639-CR, 2006 Tex.App. LEXIS 5163, *9–*10 (Tex.App.—Austin June 16 2006, no pet.) (mem. op., not designated for publication) (even if error had been preserved, evidence of appellant's physical abuse of murder victim admissible to rebut defendant's claim of accident and show element of intent to cause death, serious bodily injury, or bodily injury).

Court's cases dealing with Rule 404(b) that would suggest any significant departure from the widely-applied analysis of general Rule 404(b) issues.

The Austin Court comes near the precise issue at hand in Speaks v. State, No. 03-08-00420-CR, 2009 Tex.App. LEXIS 5695 (Tex.App.—Austin July 23, 2009, no pet.) (mem. op., not designated for publication). In Speaks, appellant, appealing his conviction for evading arrest or detention, conceded that testimony that he had two outstanding warrants for his arrest was admissible to show motive for flight; he argued that testimony regarding the specific nature of offenses for which the warrants were issued was *not* admissible. Id. at *3. It was his contention that the trial court should have granted his motion for mistrial based on the evidence concerning the specific nature of the warrants, a contention the Austin Court rejected. Id. at *2–*4. Though Speaks could be read as implied acceptance of the appellant's concession that general evidence concerning an extraneous offense is admissible to show motive for flight, the Austin Court has not been called on to decide the issue squarely. See id. at *3. Other sister courts have.

Most notably, we look at Powell v. State, 151 S.W.3d 646, 650–51 (Tex.App.—Waco 2004), rev'd, 189 S.W.3d 285 (Tex. Crim. App. 2006). Powell, like appellant, was convicted of evading arrest using a motor vehicle. Id. When Powell presented evidence that it was another man who was driving the vehicle, the State sought to introduce evidence of Powell's motive to evade arrest, specifically that a firearm was found in the vehicle and that Powell was on parole at the time of the offense, and, thus, subject to revocation of parole for carrying a firearm or associating with people carrying

8

firearms.  Id. at 650–51.  On appeal to the Waco Court, Powell complained that evidence of the firearm and his parole status violated Rule 404(b) and was inadmissible under the balancing test of Rule 403.  Id. at 650.

As to the Rule 404(b) issue, the State argued that Powell's parole status tended to raise an inference that he had a motive to flee because, as a parolee, he was prohibited from possessing a firearm or associating with someone in possession of a firearm.  Id.  The Waco Court agreed:

> [T]he evidence surrounding the handgun does at a minimum tend to raise an inference that one of the occupants of the car was in possession of a handgun before they fled on foot from the officer.  Thus, this evidence, when considered with Powell's parole status, is relevant to motive.

Id. at 651.  The Waco Court identified the underlying "fact of consequence" or "elemental fact" to which the evidence was relevant as identity:  "[T]he State offered the evidence in question to prove Powell's motive, which is probative of the disputed 'elemental fact' of identity."  Id.

Though it found the evidence of the firearm and Powell's parole status admissible as relevant to motive to evade, the Waco Court ultimately found that the admission ran afoul of Rule 403's balancing test.  Id. at 653; see TEX. R. EVID. 403.  That is, in light of the relevant considerations, that case was one of the "rare" cases in which the record demonstrated an abuse of discretion.  Id. at 652.  It further found that admission of the evidence was not harmless.  Id. at 652–53.

The Texas Court of Criminal Appeals acknowledged, if not impliedly approved, the Waco Court's application of Rule 404(b): "The Court of Appeals found the evidence

9

was relevant to a noncharacter purpose under Rule 404(b) because it tended to show motive, which in turn tended to show the elemental fact of identity." Powell v. State, 189 S.W.3d 285, 287 (Tex.Crim.App. 2006). It went on, however, to reverse the Waco Court's decision as to the Rule 403 balancing test[5] and remanded the case to the Waco Court for consideration of the "remaining point of error" concerning a lesser-included offense. See id. at 287–90; Powell v. State, 206 S.W.3d 142–43 (Tex. App.—Waco 2006, pet. ref'd).

Other sister courts have followed the same general approach when dealing with evidence of an extraneous offense in a trial on charges of evading arrest or detention. The Fourteenth Court addressed the issue of admissibility of evidence concerning an extraneous offense in Britt v. State, No. 14-06-00131-CR, 2007 Tex. App. LEXIS 3148, at *17–*18 (Tex.App.—Houston [14th Dist.] Apr. 26, 2007, pet. ref'd) (mem. op., not designated for publication). The question came before the court in a point of error alleging ineffective assistance of counsel when appellant argued that trial counsel opened the door to evidence that he was on deferred adjudication community supervision at the time of the offense and opening the door to such evidence fell below the standard of prevailing professional norms. Id. The Britt court disagreed, noting that trial counsel could have believed that evidence of appellant's deferred adjudication

---

[5] Though the Texas Court of Criminal Appeals discussion in Powell centered on Rule 403 primarily, its discussion of the probative value of the evidence as it relates to the Rule 403's balancing test is instructive in that it also served to illuminate how and why the evidence was probative of motive and, ultimately, identity. It disapproved of the Waco Court's conclusion that the evidence of the firearm was only weakly probative of Powell's motive, emphasizing the facts that the only issue at trial was the issue of identity and that Powell had introduced positive testimony controverting the issue of identity. Id. at 288–89.

10

would be admitted, regardless of his question, for the purpose of establishing appellant's motive and intent to evade arrest. Id. at 18. Importantly, the Britt court read the Texas Court of Criminal Appeals' opinion in Powell, 189 S.W.3d at 286-87, 289, as holding that evidence defendant was on parole was admissible under Rule 404(b) for purposes of establishing defendant's motive for evading arrest. Id. Similarly, the Dallas Court concluded that the trial court did not abuse its discretion by admitting evidence of appellant's fraudulent possession of identifying information because such evidence was relevant under Rule 404(b) to show appellant's "motive to evade detention." West v. State, Nos. 05-04-01218-CR, 05-04-01219-CR, 2005 Tex.App. LEXIS 6495, at *5 (Tex.App.—Dallas August 16, 2005, no pet.) (mem. op., not designated for publication). Likewise, the Fort Worth Court concluded that the trial court did not abuse its discretion when it admitted a portion of appellant's statement admitting a prior offense of unauthorized use of a motor vehicle. Vital v. State, Nos. 02-02-00421-CR, 02-02-00422-CR, 2003 Tex.App. LEXIS 10628, at *4 (Tex.App.—Fort Worth Dec. 18, 2003, no pet.) (mem. op., not designated for publication). The court concluded that such evidence was relevant under Rule 404(b) to show that appellant had a motive for evading arrest and that such relevance was "a legitimate basis for the trial court's ruling." Id.

Analysis

From our survey of the Austin Court's cases addressing Rule 404(b) admissibility in other contexts and from the implication in Speaks, it would appear that it would decide the issue in a manner consistent with other sister courts. That is, it would

11

appear from the Austin Court's previous cases that, if called on to answer this precise issue, it, like our sister courts, would conclude that Rule 404(b) permits admission of the evidence of an extraneous offense to show motive to evade arrest or detention.

As did the evidence suggesting a driver other than the defendant in Powell, Watkins's testimony went directly to the elemental fact of identity. The State's evidence suggested that appellant was motivated to evade arrest or detention because he would be subject to a lengthy prison sentence.[6] We would add that such evidence becomes, perhaps, more relevant in light of the evidence that appellant's license had been suspended and that drug paraphernalia was found in the vehicle after the pursuit. Showing that appellant had prior felony convictions would tend to make it more probable that *he*, knowing he had prior felony convictions, a suspended license, and drug paraphernalia in his vehicle, would attempt to evade arrest or detention because the likely consequences of being arrested included a lengthy term of imprisonment. So, showing that appellant, if arrested, was subject to an enhanced punishment would go to his motive to evade arrest and, therefore, the elemental fact of identity.

Appellant, in furtherance of his defensive theory, introduced evidence challenging the identity element and, in doing so, put the element of identity squarely at issue by urging the defensive theory that Watkins, not appellant, was driving the car during the pursuit. The admission, for limited purpose, of evidence that suggests that appellant

---

[6] The offense with which appellant was charged is a third-degree felony. See TEX. PENAL CODE ANN. § 38.04(b)(2)(A). Ordinarily, a third-degree felony is punishable by two to ten years in prison. See id. at § 12.34(a) (Vernon Supp. 2009). Here, however, having been convicted of, at least, two prior felonies, Guerra was subject to a punishment of twenty-five to ninety-nine years or life. See id. at § 12.42(d) (Vernon Supp. 2009).

would have motive to evade arrest or detention logically serves to make less probable appellant's defensive evidence that Watkins was the driver.

Therefore, we cannot say that it was outside the zone of reasonable disagreement for the trial court to conclude that the extraneous offense evidence was admissible for a non-character purpose under Rule 404(b).  The trial court did not abuse its discretion when it admitted the evidence of extraneous offenses, and we overrule appellant's first issue.

### Testimony of Victim of Extraneous Offense

Fallon Garcia is appellant's former girlfriend and testified during the punishment phase of trial.  Garcia testified to previous physical and verbal abuse she suffered at the hands of appellant.  Appellant did not object to this testimony.  Likewise, he did not object to Garcia's testimony concerning the armed confrontation between appellant and another man at Garcia's mother's house.  During the confrontation, appellant pointed a gun at Garcia and then fired a shot into the air.   When the State asked Garcia if she feared appellant, appellant objected that such testimony would be "effectively victim impact evidence on extraneous [offenses]."  The trial court overruled the objection, and Garcia testified that she did fear him.

### Standard of Review

Again, we review a trial court's admission or exclusion of evidence for an abuse of discretion.  See Powell, 63 S.W.3d at 438.

13

<u>Testimony of Victim of Extraneous Offense, Victim Impact Testimony</u>

Garcia's testimony regarding unadjudicated extraneous offenses was admitted without objection.  On appeal, appellant limits his issue to a complaint regarding Garcia's testimony that she feared appellant.

Appellant relies on <u>Cantu v. State</u>, 939 S.W.2d 627, 637 (Tex.Crim.App. 1996), for the proposition that it is error to admit victim impact testimony by witnesses not named in the indictment for the offense for which an appellant is being tried.  In <u>Cantu</u>, the evidence showed that Cantu was involved in the murder of two teen-aged girls.  <u>Id.</u> at 631.  During the punishment phase of the capital murder trial relating to the murder of one of the victims, the mother of the other victim testified as to the impact the murder of her daughter had on her family.  <u>Id.</u> at 637.  The Texas Court of Criminal Appeals noted that this other victim was not the victim named in the indictment and, though evidence of the details surrounding the other victim's murder was admissible contextual evidence, concluded that her mother's testimony concerning her life and the impact her death had on the family "serve[d] no other purpose than to inflame the jury."  <u>Id.</u>  It, nonetheless, found the error in admitting the evidence harmless.

The State responds by pointing to the distinction the Texas Court of Criminal Appeals drew between <u>Cantu</u> and <u>Roberts v. State</u>, 220 S.W.3d 521, 531 (Tex.Crim.App. 2007).  At issue in <u>Roberts</u> was the admissibility of testimony, during the punishment phase of Roberts's capital murder trial, of the victim of a robbery committed by Roberts a few years earlier.  <u>Id.</u>  The court described "victim impact" evidence as "evidence of the effect of an offense on people *other* than the victim."  <u>Id.</u> (emphasis in

14

original).  It concluded that the complained-of evidence in <u>Roberts</u> was testimony from *the victim* of the extraneous offense, not the offense for which he was being tried, and specifically distinguished <u>Cantu</u> on this basis.  <u>Id.</u>  The <u>Roberts</u> court ultimately concluded that the testimony was admissible.  <u>Id.</u>

<u>Analysis</u>

Here, the challenged testimony is in the nature of the evidence examined in <u>Roberts</u>.  That is, the offense to which Garcia testified was an extraneous offense; she was a victim of that offense, and appellant was not being tried for that offense.  Garcia's testimony that she feared appellant, then, related solely to the impact the extraneous offense had *on her* and was not, therefore, within the definition of "victim impact" evidence as defined by <u>Roberts</u>.  <u>See</u> <u>id.</u>  Under <u>Roberts</u>, such testimony is admissible and distinguishable from the testimony in <u>Cantu</u>; the trial court did not abuse its discretion by admitting it.  We overrule appellant's second issue.

Conclusion

Having overruled appellant's two issues, we affirm the trial court's judgment of conviction and sentence.

Mackey K. Hancock<br>Justice

Do not publish.

15