NO. 07-09-00238-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
19, 2010

 



 

NITO JIM GUERRA JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 264TH DISTRICT COURT OF BELL
COUNTY;

 

NO. 63206; HONORABLE MARTHA J. TRUDO, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

            On our own motion, we withdraw our opinion and judgment of
May 20, 2010, and substitute the following. 
See Tex. R. App. P.
50.

            A Bell County[1]
jury found appellant, Nito Jim Guerra, guilty of
evading arrest or detention using a motor vehicle and having been previously
convicted of evading arrest or detention, a third-degree felony.[2]  The trial court assessed a sentence, enhanced
by prior felony convictions, of incarceration for a period of forty years.  On appeal, appellant contends that the trial
court abused its discretion by admitting (1) evidence of extraneous offenses
and (2) victim impact testimony relating to an extraneous offense.  We affirm.

Factual and Procedural History

            In
October 2007, Office Jeffrey Fudge of the Temple Police Department observed a
vehicle without a front license plate. 
Fudge turned his car around to investigate, and the suspect vehicle
drove off at a high rate of speed.  Fudge
activated his emergency lights and sirens and pursued the vehicle.  He testified that there was only one occupant
in the vehicle as he pursued it.  The
driver proceeded into a neighborhood, traveling at approximately sixty miles
per hour, ran a stoplight, nearly collided head-on with another vehicle, drove
between two houses, struck a telephone pole, and crashed into a concrete
drainage ditch.

            Fudge
got out of his car and ran toward the crash. 
When he was within twenty-five to fifty feet of the crash, Fudge clearly
saw the driver leap from the disabled vehicle and flee on foot.  Fudge never lost sight of the driver as he
pursued him on foot for about 100 yards. 
Following this brief chase, the driver, appellant, surrendered and was
arrested by Fudge and, subsequently, was charged with evading arrest or
detention.

            At
trial, appellant called his cellmate, Billy Watkins, who was incarcerated on an
unrelated offense and testified that it was he, not appellant, who had been
driving the vehicle.  Watkins testified
that appellant had asked to be let out of the vehicle but Watkins kept
driving.  Watkins explained that he
jumped out of the wrecked car at the same time appellant did but that he was
able to escape whereas appellant was apprehended.  Fudge testified that he never saw a second
occupant in the vehicle he was pursuing and that a second person did not get
out of the vehicle following the crash. 
He also testified that appellant never claimed, prior to trial, that
there was a second person in the vehicle with him or that he was not the
driver.   

Evidence of Extraneous Offenses

            Appellant’s
first issue stems from Watkins’s testimony that it was he, rather than
appellant, who was driving the vehicle and that appellant had asked to be let
out of the vehicle.  Following and in
response to Watkins’s testimony, the State offered evidence of three prior
convictions of appellant: a 2006 conviction for burglary, a 2005 conviction for
possession of a controlled substance, and a 1999 conviction for aggravated
assault.

            Appellant
objected, arguing that Watkins’s testimony that appellant asked to be let out
of the vehicle was nonresponsive and did not open the door to evidence of
extraneous offenses.  The State argued
that the evidence of extraneous offenses was proper impeachment evidence of
appellant’s out-of-court statement and was relevant to rebut appellant’s
defensive theory that Watkins, rather than appellant, was driving the truck
when police were pursuing it.  The
extraneous offense evidence, the State claimed, illustrated appellant’s motive
to advance this theory: to avoid an enhanced sentence of twenty-five years to
life imprisonment.  So, the evidence was
relevant, according to the State, to illustrate motive for appellant to
fabricate this defensive theory challenging the element of identity.  The trial court agreed and admitted the
evidence with a limiting instruction that the jury was to consider the evidence
only for the purposes of showing motive to fabricate the version of events that
included Watkins as the driver and impeaching appellant’s statement to Watkins
that he wanted out of the vehicle. 

Standard of Review

            Whether
objected-to evidence of “other crimes, wrongs, or acts” has relevance apart
from character conformity is a question for the trial court.  Tex.
R. Evid. 404(b),  Montgomery v. State, 810
S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh’g).  The trial
court must conclude that the evidence tends, in logic and common experience, to
serve some purpose other than character conformity to make the existence of a
fact of consequence more or less probable than it would be without the
evidence.  Id.  Because the trial court is in the best
position to make the call on such substantive admissibility issues, we review
its admissibility decision under an abuse of discretion standard.  Powell v. State, 63
S.W.3d 435, 438 (Tex.Crim.App. 2001); Montgomery,
810 S.W.2d at 391.  This standard
requires us to uphold the trial court’s admissibility decision when that
decision is within the zone of reasonable disagreement.  Powell, 63 S.W.3d at
438.  Moreover, we will sustain a
trial court’s decision regarding admissibility of evidence if it is correct on
any theory of law applicable to the case. 
Romero v. State, 800 S.W.2d 539, 543–44 (Tex.Crim.App. 1990).

Exclusion of Evidence under Rule
404(b), Exceptions

            Evidence
of other crimes, wrongs, or acts is not admissible “to prove the character of a
person in order to show action in conformity therewith”; however, it may be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, or identity. 
Tex. R. Evid.
404(b); Williams v. State, 301 S.W.3d 675, 687 (Tex.Crim.App. 2009). 
The State maintains that Rule 404(b) permits this evidence for the
purposes of showing the identity of the driver and rebutting appellant’s
defensive theory that Watkins was driving and refused to let appellant out of
the vehicle.

            Relevant
evidence of a person’s bad character may be admissible when it is relevant to a
non-character fact of consequence in the case, such as rebutting a defensive
theory.  Powell, 63 S.W.3d at 438; Montgomery, 810 S.W.2d at 387–88.  Additionally, evidence of motive is always
relevant and admissible to prove that a defendant committed the offense
alleged. Crane v. State, 786 S.W.2d 338, 349–50 (Tex.Crim.App. 1990); Keen v. State, 85 S.W.3d 405,
413–14 (Tex.App.—Tyler 2002, pet. ref'd).  Evidence of extraneous conduct may be offered
to prove motive under Rule 404(b) if the evidence tends to raise an inference
that the defendant had a motive to commit the offense.  Crane, 786 S.W.2d at
350.  Put another way, such
evidence is admissible under Rule 404(b) if “it tends to establish some
evidentiary fact, such as motive . . ., leading inferentially to an elemental
fact [such as identity or intent].”  Powell,
63 S.W.3d at 438 (quoting Montgomery, 810 S.W.2d at 387–88).

 

Applicable Law

            As
noted, the Texas Supreme Court transferred this case to this Court from the
Austin Court of Appeals.  That being so,
we must decide this case “in accordance with the precedent of the transferor
court under the principles of stare decisis” if our decision otherwise would have been
inconsistent with the precedent of the transferor court.  Tex.
R. App. P. 41.3; Phillips v. Phillips, 296 S.W.3d 656, 672  (Tex.App.—El Paso 2009, pet. denied).  This Court has addressed Rule 404(b)
admissibility issues generally.  See
Williams v. State, 290 S.W.3d 407, 410–11 (Tex.App.—Amarillo
2009, no pet.).  However, we have not
faced this precise issue.[3]  The Austin Court has not directly addressed
this issue either.  We will, therefore,
examine the Austin Court’s general approach in analyzing Rule 404(b) issues,
some language from a related issue that would suggest the Austin Court’s
approach in this specific context, and look to decisions of sister courts to
best discern the intermediate courts’ treatment of this issue.

            Generally,
it appears the Austin Court adheres to the widely-accepted standard of review
of the trial court’s Rule 404(b) admissibility determinations and has applied
that standard in a variety of contexts.  See
Maher v. State, No. 03-07-00179-CR, 2008 Tex. App. LEXIS 5213, *10–*11 (Tex.App.—Austin July 10, 2008, pet. ref’d)
(mem. op., not designated for publication) (evidence
of drugs found in appellant’s backpack three weeks after alleged assault was
inadmissible because it had no relevance to the offenses for which appellant
was on trial and served only to prove appellant's bad character); Tapps v. State, 257 S.W.3d 438, 447 (Tex.
App.—Austin 2008), aff'd on other grounds,
294 S.W.3d 175 (Tex. Crim. App. 2009) (testimony concerning whether witness
knew appellant was registered sex offender may be relevant to show potential
bias by the witness or challenge the witness's credibility, purposes other than
showing conduct in conformity with character); Pierce v. State, No.
03-03-00536-CR, 2005 Tex.App. LEXIS
6229, at *25 (Tex.App.—Austin Aug. 3 2005, no pet.)
(mem. op., not designated for publication) (evidence of prior financial improprieties and deceit
admissible in murder trial to show motive).[4]  The Austin Court has also recognized that,
when an accused challenges an element of the offense requiring proof of intent,
admission of extraneous offense evidence can aid in proving intent if the required
intent cannot be inferred from the act itself or if the accused presents
evidence to rebut the inference that the required intent existed.  Johnson v. State,
932 S.W.2d 296, 302 (Tex.App.—Austin 1996, pet. ref'd).  We
see nothing from our survey of the Austin Court’s cases dealing with Rule
404(b) that would suggest any significant departure from the widely-applied
analysis of general Rule 404(b) issues.

            The
Austin Court comes near the precise issue at hand in Speaks v. State,
No. 03-08-00420-CR, 2009 Tex.App. LEXIS
5695 (Tex.App.—Austin July 23, 2009, no pet.)
(mem. op., not designated
for publication).  In Speaks,
appellant, appealing his conviction for evading arrest or detention, conceded
that testimony that he had two outstanding warrants for his arrest was
admissible to show motive for flight; he argued that testimony regarding the
specific nature of offenses for which the warrants were issued was not admissible.  Id. at *3.  It was his contention that the trial court
should have granted his motion for mistrial based on the evidence concerning
the specific nature of the warrants, a contention the Austin Court
rejected.  Id.
at *2–*4.  Though Speaks
could be read as implied acceptance of the appellant’s concession that general
evidence concerning an extraneous offense is admissible to show motive for
flight, the Austin Court has not been called on to decide the issue
squarely.  See id. at *3.  Other sister
courts have.

            Most
notably, we look at Powell v. State, 151 S.W.3d 646, 650–51 (Tex.App.—Waco 2004), rev’d,
189 S.W.3d 285 (Tex. Crim. App. 2006). 
Powell, like appellant, was convicted of evading arrest using a motor
vehicle.  Id.  When Powell presented evidence that it was
another man who was driving the vehicle, the State sought to introduce evidence
of Powell’s motive to evade arrest, specifically that a firearm was found in
the vehicle and that Powell was on parole at the time of the offense, and,
thus, subject to revocation of parole for carrying a firearm or associating
with people carrying firearms.  Id. at 650–51. 
On appeal to the Waco Court, Powell complained that evidence of the
firearm and his parole status violated Rule 404(b) and was inadmissible under
the balancing test of Rule 403.  Id.  at 650.

            As
to the Rule 404(b) issue, the State argued that Powell's parole status tended
to raise an inference that he had a motive to flee because, as a parolee, he
was prohibited from possessing a firearm or associating with someone in
possession of a firearm.  Id.   The Waco Court agreed:

[T]he evidence surrounding the handgun does at a minimum tend to raise
an inference that one of the occupants of the car was in possession of a
handgun before they fled on foot from the officer.  Thus, this evidence, when considered with
Powell's parole status, is relevant to motive.

Id. at 651. 
The Waco Court identified the underlying "fact of consequence"
or "elemental fact" to which the evidence was relevant as
identity:  “[T]he State offered the
evidence in question to prove Powell's motive, which is probative of the
disputed ‘elemental fact’ of identity.”  Id.

            Though
it found the evidence of the firearm and Powell’s parole status admissible as
relevant to motive to evade, the Waco Court ultimately found that the admission
ran afoul of Rule 403’s balancing test.  Id.
at 653; see Tex. R. Evid. 403. 
That is, in light of the relevant considerations, that case was one of
the “rare” cases in which the record demonstrated an abuse of discretion.  Id. at 652.  It further found that admission of the
evidence was not harmless.  Id. at 652–53.

            The
Texas Court of Criminal Appeals acknowledged, if not impliedly approved, the
Waco Court’s application of Rule 404(b): “The Court of Appeals found the
evidence was relevant to a noncharacter purpose under
Rule 404(b) because it tended to show motive, which in turn tended to show the
elemental fact of identity.”  Powell v. State, 189 S.W.3d 285, 287 (Tex.Crim.App.
2006).  It went on, however, to
reverse the Waco Court’s decision as to the Rule 403 balancing test[5]
and remanded the case to the Waco Court for consideration of the “remaining
point of error” concerning a lesser-included offense.  See id. at
287–90; Powell v. State, 206 S.W.3d 142–43 (Tex. App.—Waco 2006, pet. ref’d).

            Other
sister courts have followed the same general approach when dealing with
evidence of an extraneous offense in a trial on charges of evading arrest or
detention.  The Fourteenth Court
addressed the issue of admissibility of evidence concerning an extraneous
offense in Britt v. State, No. 14-06-00131-CR, 2007 Tex. App. LEXIS
3148, at *17–*18 (Tex.App.—Houston [14th Dist.] Apr. 26, 2007, pet. ref’d)
(mem. op., not designated for publication).  The question came before the court in a point
of error alleging ineffective assistance of counsel when appellant argued that
trial counsel opened the door to evidence that he was on deferred adjudication
community supervision at the time of the offense and opening the door to such
evidence fell below the standard of prevailing professional norms.  Id. 
The Britt court disagreed, noting that trial counsel could have
believed that evidence of appellant's deferred adjudication would be admitted,
regardless of his question, for the purpose of establishing appellant's motive
and intent to evade arrest.  Id. at 18. 
Importantly, the Britt court read the Texas Court of Criminal
Appeals’ opinion in Powell, 189 S.W.3d at 286-87, 289, as holding that
evidence defendant was on parole was admissible under Rule 404(b) for purposes of
establishing defendant's motive for evading arrest.  Id. 
Similarly, the Dallas Court concluded that the trial court did not abuse
its discretion by admitting evidence of appellant’s fraudulent possession of
identifying information because such evidence was relevant under Rule 404(b) to
show appellant’s “motive to evade detention.” 
West v. State, Nos. 05-04-01218-CR,
05-04-01219-CR, 2005 Tex.App. LEXIS 6495, at *5 (Tex.App.—Dallas August
16, 2005, no pet.) (mem. op.,
not designated for publication).  Likewise,
the Fort Worth Court concluded that the trial court did not abuse its
discretion when it admitted a portion of appellant's statement admitting a
prior offense of unauthorized use of a motor vehicle.  Vital v. State, Nos.
02-02-00421-CR, 02-02-00422-CR, 2003 Tex.App. LEXIS 10628, at *4 (Tex.App.—Fort Worth
Dec. 18, 2003, no pet.) (mem. op., not designated for publication).  The court concluded that such evidence was
relevant under Rule 404(b) to show that appellant had a motive for evading
arrest and that such relevance was “a legitimate basis for the trial court's
ruling.”  Id. 

Analysis

            From
our survey of the Austin Court’s cases addressing Rule 404(b) admissibility in
other contexts and from the implication in Speaks, it would appear that
it would decide the issue in a manner consistent with other sister courts.  That is, it would appear from the Austin
Court’s previous cases that, if called on to answer this precise issue, it,
like our sister courts, would conclude that Rule 404(b) permits admission of
the evidence of an extraneous offense to show motive to evade arrest or
detention.

            As
did the evidence suggesting a driver other than the defendant in Powell,
Watkins’s testimony went directly to the elemental fact of identity.  The State’s evidence suggested that appellant
was motivated to evade arrest or detention because he would be subject to a
lengthy prison sentence.[6]  We would add that such evidence becomes,
perhaps, more relevant in light of the evidence that appellant’s license had
been suspended and that drug paraphernalia was found in the vehicle after the
pursuit.  Showing that appellant had
prior felony convictions would tend to make it more probable that he, knowing he had prior felony
convictions, a suspended license, and drug paraphernalia in his vehicle, would
attempt to evade arrest or detention because the likely consequences of being
arrested included a lengthy term of imprisonment.  So, showing that appellant, if arrested, was
subject to an enhanced punishment would go to his motive to evade arrest and,
therefore, the elemental fact of identity.

            Appellant,
in furtherance of his defensive theory, introduced evidence challenging the
identity element and, in doing so, put the element of identity squarely at
issue by urging the defensive theory that Watkins, not appellant, was driving
the car during the pursuit.  The
admission, for limited purpose, of evidence that suggests that appellant would
have motive to evade arrest or detention logically serves to make less probable
appellant’s defensive evidence that Watkins was the driver.

            Therefore,
we cannot say that it was outside the zone of reasonable disagreement for the
trial court to conclude that the extraneous offense evidence was admissible for
a non-character purpose under Rule 404(b). 
The trial court did not abuse its discretion when it admitted the
evidence of extraneous offenses, and we overrule appellant’s first issue.

Testimony of Victim of Extraneous
Offense

            Fallon
Garcia is appellant’s former girlfriend and testified during the punishment
phase of trial.  Garcia testified to
previous physical and verbal abuse she suffered at the hands of appellant.  Appellant did not object to this testimony.  Likewise, he did not object to Garcia’s
testimony concerning the armed confrontation between appellant and another man
at Garcia’s mother’s house.  During the
confrontation, appellant pointed a gun at Garcia and then fired a shot into the
air.   When the State asked Garcia if she
feared appellant, appellant objected that such testimony would be “effectively
victim impact evidence on extraneous [offenses].”  The trial court overruled the objection, and
Garcia testified that she did fear him.

Standard of Review

            Again,
we review a trial court’s admission or exclusion of evidence for an abuse of
discretion.  See Powell, 63 S.W.3d at 438.

 

Testimony of Victim of Extraneous
Offense, Victim Impact Testimony

            Garcia’s
testimony regarding unadjudicated extraneous offenses
was admitted without objection.  On
appeal, appellant limits his issue to a complaint regarding Garcia’s testimony
that she feared appellant. 

            Appellant
relies on Cantu v. State, 939 S.W.2d 627, 637 (Tex.Crim.App.
1996), for the proposition that it is error to admit victim impact testimony by
witnesses not named in the indictment for the offense for which an appellant is
being tried.  In Cantu, the
evidence showed that Cantu was involved in the murder of two teen-aged
girls.  Id. at
631.  During the punishment phase
of the capital murder trial relating to the murder of one of the victims, the
mother of the other victim testified as to the impact the murder of her
daughter had on her family.  Id. at 637. 
The Texas Court of Criminal Appeals noted that this other victim was not
the victim named in the indictment and, though evidence of the details
surrounding the other victim’s murder was admissible contextual evidence,
concluded that her mother’s testimony concerning her life and the impact her
death had on the family “serve[d] no other purpose than to inflame the jury.”  Id. 
It, nonetheless, found the error in admitting the evidence
harmless.  

            The
State responds by pointing to the distinction the Texas Court of Criminal
Appeals drew between Cantu and Roberts v. State, 220 S.W.3d 521,
531 (Tex.Crim.App. 2007).  At issue in Roberts was the
admissibility of testimony, during the punishment phase of Roberts’s capital
murder trial, of the victim of a robbery committed by Roberts a few years
earlier.  Id.  The court described “victim impact” evidence
as “evidence of the effect of an offense on people other than the victim.”  Id. (emphasis in original).  It concluded that the complained-of evidence
in Roberts was testimony from the
victim of the extraneous offense, not the offense for which he was being
tried, and specifically distinguished Cantu on this basis.  Id. 
The Roberts court ultimately concluded that the testimony was
admissible.  Id.

Analysis

            Here,
the challenged testimony is in the nature of the evidence examined in Roberts.  That is, the offense to which Garcia
testified was an extraneous offense; she was a victim of that offense, and
appellant was not being tried for that offense. 
Garcia’s testimony that she feared appellant, then, related solely to
the impact the extraneous offense had on
her and was not, therefore, within the definition of “victim impact”
evidence as defined by Roberts.  See
id.  Under Roberts, such
testimony is admissible and distinguishable from the testimony in Cantu;
the trial court did not abuse its discretion by admitting it.  We overrule appellant’s second issue.

Conclusion

            Having
overruled appellant’s two issues, we affirm the trial court’s judgment of
conviction and sentence.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do
not publish.  











[1] Pursuant to the Texas Supreme Court’s docket
equalization efforts, this case was transferred to
this Court from the Austin Court of Appeals. 
See Tex. Gov’t Code Ann. § 73.001 (Vernon 2005).

 





[2]
See Tex.
Penal Code Ann.
§ 38.04(b)(2)(A) (Vernon Supp. 2009).

 





[3]
We, therefore, cannot
say that the decision in this case would have otherwise been inconsistent with
that of our sister court.  Nor do we read
Rule 41.3 as permitting our independent analysis of the issue in the absence of
inconsistent precedent from the transferee court.  Rule 41.3 requires us to apply the law of the
transferor court in this situation, and we do so.  We note only that this Court has not directly
addressed this issue in a non-transfer case.





[4]
See also Hernandez v. State, No. 03-07-00040-CR, 2010
Tex. App. LEXIS 851, *21–*22 (Tex.App.—Austin Feb. 5, 2010, no pet.) (mem. op., not designated
for publication) (quoting Montgomery in recognition that the standard of
review means that an appellate court should reverse the admissibility decision
only if it concludes that “by no reasonable perception of common experience can
it be concluded that proffered evidence has a tendency to make the existence of
a fact of consequence” other than character conformity “more or less probable
than it would otherwise be”) Ramirez v. State, No.
03-05-00219-CR, 2006 Tex.App. LEXIS 7557, at
*20–*21 (Tex.App.—Austin Aug.
25 2006, pet. ref’d) (mem.
op., not designated for publication) (extraneous offense admissible in trial
for aggravated robbery to rebut defensive theory challenging identity); Brown
v. State, No. 03-04-00639-CR, 2006 Tex.App. LEXIS 5163, *9–*10 (Tex.App.—Austin June 16 2006, no pet.)
(mem. op., not designated for publication) (even if error had been preserved, evidence of appellant’s
physical abuse of murder victim admissible to rebut defendant's claim of
accident and show element of intent to cause death, serious bodily injury, or
bodily injury).





[5]
Though the Texas Court of Criminal Appeals
discussion in Powell centered on Rule 403 primarily, its discussion of
the probative value of the evidence as it relates to the Rule 403’s balancing
test is instructive in that it also served to illuminate how and why the
evidence was probative of motive and, ultimately, identity.  It disapproved of the Waco Court’s conclusion
that the evidence of the firearm was only weakly probative of Powell’s motive,
emphasizing the facts that the only issue at trial was the issue of identity
and that Powell had introduced positive testimony controverting
the issue of identity.  Id. at 288–89.

 





[6]
The offense with which appellant was charged is
a third-degree felony.  See Tex. Penal Code Ann. § 38.04(b)(2)(A).  Ordinarily,
a third-degree felony is punishable by two to ten years in prison.  See id. at
§ 12.34(a) (Vernon Supp. 2009).  Here,
however, having been convicted of, at least, two prior felonies, Guerra was subject to a punishment of twenty-five to ninety-nine
years or life.  See id. at § 12.42(d) (Vernon Supp. 2009).